## LARGENT v. TEXAS.

No. 559.   Argued February 12, 1943.—Decided March 8, 1943.

*Mr. Hayden C. Covington* for appellant.

No appearance for appellee.

MR. JUSTICE REED delivered the opinion of the Court.

This appeal brings here for review the conviction of appellant for violation of Ordinance No. 612 of the City of Paris, Texas, which makes it unlawful for any person to solicit orders or to sell books, wares or merchandise within the residence portion of Paris without first filing an application and obtaining a permit.   The ordinance goes on to provide that

"if after investigation the Mayor deems it proper or advisable he may issue a written permit to said person for the purpose of soliciting, selling, canvassing or census taking within the residence portion of the city which permit shall state on its face that it has been issued after a thorough investigation." [1]

A complaint in the Corporation Court of Paris charged Mrs. Largent, the appellant, with violating this ordinance by unlawfully offering books for sale without making application for a permit. She was convicted and appealed to the County Court of Lamar County, Texas, where a trial de novo was had.[2] There a motion was filed to quash the

---

[1] The applicable section of the ordinance reads as follows:

"Section 1: From and after the passage of this ordinance it shall be unlawful for any person, firm or corporation to solicit orders for books, wares, merchandise, or any household article of any description whatsoever within the residence portion of the City of Paris, or to sell books, wares, merchandise or any household article of any description whatsoever within the residence district of the City of Paris, or to canvass, take census without first filing an application in writing with the Mayor and obtaining a permit, which said application shall state the character of the goods, wares, or merchandise intended to be sold or the nature of the canvass to be made, or the census to be taken, and by what authority. The application shall also state the name of the party desiring the permit, his permanent street address and number while in the city and if after investigation the Mayor deems it proper or advisable he may issue a written permit to said person for the purpose of soliciting, selling, canvassing or census taking within the residence portion of the city which permit shall state on its face that it has been issued after a thorough investigation."

[2] Vernon's Texas Stat. 1936, Art. 876 (Code of Criminal Procedure), provides:

"Appeals from a corporation court shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court. In such appeals the trial shall be de novo. Said appeals shall be governed by the rules of practice and procedure for appeals from justice courts to the county court, so far as applicable."

complaint because the ordinance violated the Fourteenth Amendment to the Constitution of the United States; and, at the conclusion of the evidence, there was filed a motion on the same grounds for a finding of not guilty and the discharge of the appellant from custody. Both were overruled.

Appellant's evidence shows that she carries a card of ordination from the Watch Tower Bible and Tract Society, an organization incorporated for the purpose of preaching the Gospel of God's Kingdom. The Society is an organization for Jehovah's Witnesses, an evangelical group, founded upon and drawing inspiration from the tenets of Christianity. The Witnesses spread their teachings under the direction of the Society by distributing the books and pamphlets obtained from the Society by house to house visits. They believe that they have a covenant with Jehovah to enlighten the people as to the truths accepted by the Witnesses by putting into their hands, for study, various religious publications with titles such as *Children, Hope, Consolation, Kingdom News, Deliverance, Government* and *Enemies*.

Mrs. Largent offered some of these books to those upon whom she called for a contribution of not to exceed 25 cents for a bound book and several magazines or tracts. If the contribution was not made, the appellant, in accordance with the custom of the Witnesses, would frequently leave a book and tracts without receiving any money. Appellant was making such distributions when arrested. She had not filed an application for or received a permit under the ordinance.

The Witnesses look upon their work as Christian and charitable. To them it is not selling books or papers but accepting contributions to further the work in which they are engaged. The prosecuting officer contended that the offer of the publications and the acceptance of the

money was a solicitation or sale of books, wares or merchandise. At the conclusion of the hearing, which was without a jury, the judge found appellant guilty of violating the ordinance of the City of Paris and fined her one hundred dollars.

The appeal was brought here under § 237 (a) of the Judicial Code which provides for review of a final judgment of the highest court of a state in which a decision could be had. By our order of December 21, 1942, we requested counsel to discuss whether this judgment could be fully reviewed on this record by a higher state court by habeas corpus or other proceeding. Under the statutes of Texas, no appeal lies from the judgment of the County Court imposing a fine of this amount. Vernon's Texas Stat. 1936, Article 53 (Code of Criminal Procedure);[3] *Ex parte Largent,* 162 S. W. 2d 419, 421, and cases cited. The appellant, under Texas practice, apparently could test by habeas corpus the constitutionality on its face of the ordinance under which she was convicted but may not use that writ to test the constitutionality of the ordinance as applied to the act of distributing religious literature. Cf. *Ex parte Largent, supra.* Since there is, by Texas law or practice, no method which has been called to our attention for reviewing the conviction of appellant, on the record made in the county court, we are of the opinion the appeal is properly here under § 237 (a) of the Judicial Code. The proceeding in the county court was a distinct suit. It disposed of the charge. The possibility that the appellant might obtain release by a subsequent and dis-

---

[3] "Court of Criminal Appeals.—The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

tinct proceeding, and one not in the nature of a review of the pending charge, in the same or a different court of the State does not affect the finality of the existing judgment or the fact that this judgment was obtained in the highest state court available to the appellant. Cf. *Bandini Co.* v. *Superior Court,* 284 U. S. 8, 14; *Bryant* v. *Zimmerman,* 278 U. S. 63, 70.

Upon the merits, this appeal is governed by recent decisions of this Court involving ordinances which leave the granting or withholding of permits for the distribution of religious publications in the discretion of municipal officers.[4] It is unnecessary to determine whether the distributions of the publications in question are sales or contributions. The mayor issues a permit only if after thorough investigation he "deems it proper or advisable." Dissemination of ideas depends upon the approval of the distributor by the official. This is administrative censorship in an extreme form. It abridges the freedom of religion, of the press and of speech guaranteed by the Fourteenth Amendment.[5]

*Reversed.*

MR. JUSTICE RUTLEDGE took no part in the consideration or decision of this case.

---

[4] *Lovell* v. *Griffin,* 303 U. S. 444, 447, 451; *Schneider* v. *State,* 308 U. S. 147, 157, 163; *Cantwell* v. *Connecticut,* 310 U. S. 296, 302.

[5] *Chaplinsky* v. *New Hampshire,* 315 U. S. 568, 570, 571; *Cantwell* v. *Connecticut,* 310 U. S. 296, 303; *Gitlow* v. *New York,* 268 U. S. 652.