Nathaniel **WILLIAMS**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 27502.

United States Court of Appeals Fifth Circuit.

July 17, 1969.

Nathaniel Williams, pro se.

Morton Hanlon, Asst. Atty. Gen. of Fla., Lakeland, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure.

Appellant, a Florida convict, filed his petition for a writ of habeas corpus in the court below alleging (1) insufficiency of the evidence to support a conviction, (2) a prejudicially defective charge to the jury, and (3) error in the trial court's denial of his motion for a new trial.

The court below denied relief, properly holding that the insufficiency of the evidence to support a state conviction raises no constitutional question. Doughty v. Beto, 5 Cir. 1968, 396 F.2d 128.

The district court also found that the attack on the charge to the jury was without merit. It determined that the portion of the charge attacked by appellant was not so prejudicial as to violate constitutional standards when read in context as the law requires. January v. United States, 5 Cir. 1969, 409 F.2d 31; Beck v. United States, 5 Cir. 1963, 317 F.2d 865, cert. denied, 375 U.S. 972, 84 S.Ct. 480, 11 L.Ed.2d 419. We agree. A jury charge is not to be read in segments, but in its totality. As so read the charge before us conforms to constitutional requirements.

Finally, with respect to the trial court's failure to grant a motion for a new trial, we find, as did the district court, that the denial of such motion did not amount to a constitutional deprivation.

The judgment of the court below is Affirmed.