**Arnold E. STRASSER et al., Plaintiffs,
Appellees,**

v.

**Joseph A. DOORLEY, Jr., et al.,
Defendants, Appellants.**

**No. 7635.**

United States Court of Appeals,
First Circuit.

Oct. 9, 1970.

David J. Kehoe, Providence, R. I., with whom Ronald H. Glantz, Deputy

City Sol., City of Providence, and Steven Slobodinsky, Providence, R. I., were on brief, for appellants.

Charles G. Edwards, Providence, R. I., with whom Barry Fisher and Richard E. Meunier, Providence, R. I., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In 1915 the city of Providence enacted an ordinance (now Providence, Rhode Island, Code §§ 14–43 to 53 (1968) ) the substance of which is that a "bootblack or newsboy" must register with the bureau of licenses and obtain a permit, which may be refused if he is not of good "character" (§ 14–44), and may be revoked for the use of "indecent or profane language," or "disorderly conduct" or otherwise, in the discretion of the bureau (§ 14–52). Anyone holding a permit must wear upon his "hat or cap" a numbered metal badge which is provided by the city upon payment of a fifty cent deposit (§§ 14–48 to 50). The individual plaintiffs, who sell an allegedly offbeat newspaper entitled *Extra*, declined to register. While prosecutions for selling in violation of the ordinance were pending against three of them, they and the publishers of *Extra* brought the present assertedly class action in the district court, seeking a declaratory judgment of constitutional invalidity and an injunction against all pending and future prosecutions. Defendants are the suitable city officials. The court granted the requested relief with a comprehensive opinion. 309 F.Supp. 716. Defendants appeal.

█ Defendants make a number of points which we find lacking in any merit. The first is that the plaintiffs did not apply for permits, that if they had done so they would have received them, and that in the absence of a showing that they would not, they have no standing to sue. An attempt to comply with an ordinance or statute is not a condition precedent to attacking it on its face as an unconstitutional burden on free speech. Defendants' contention that the test of standing is facial unconstitutionality in fact, and not a mere allegation of it, confuses standing with the right to relief. Freedman v. Maryland, 1965, 380 U.S. 51, 56–57, 85 S.Ct. 734, 13 L.Ed.2d 649; Thornhill v. Alabama, 1940, 310 U.S. 88, 97, 60 S.Ct. 736, 84 L.Ed. 1093. And clearly where, as will appear is the case here, we hold the ordinance unconstitutional on its face, there can be no question of the plaintiffs' standing. Shuttlesworth v. Birmingham, 1969, 394 U.S. 147, 151, 89 S.Ct. 935, 22 L.Ed.2d 162; Staub v. City of Baxley, 1958, 355 U.S. 313, 319, 78 S. Ct. 277, 2 L.Ed.2d 302; Jones v. City of Opelika, 1943, 319 U.S. 103, 104, 63 S.Ct. 890, 87 L.Ed. 1290 (per curiam); Largent v. Texas, 1943, 318 U.S. 418, 419, 422, 63 S.Ct. 667, 87 L.Ed. 873; Schneider v. State of New Jersey, 1939, 308 U. S. 147, 159, 165, 60 S.Ct. 146, 84 L.Ed. 155; Lovell v. City of Griffin, 1938, 303 U.S. 444, 452–453, 58 S.Ct. 666, 82 L.Ed. 949.

█ Secondly, defendants contend that the court should abstain until plaintiffs have sought a ruling in the state court. Abstention, however, presupposes a possibility that the state court could, and therefore might, construe the ordinance to obviate the constitutional objection. It is inappropriate when, as here, it is charged that the ordinance is infected with both vagueness and overbreadth that unconstitutionally impinge upon the exercise of first amendment expressional rights, and there is no possibility of avoiding adjudication of the constitutional questions that plaintiffs raise. We will not abstain merely to permit state determination of those questions. Zwickler v. Koota, 1967, 389 U.S. 241, 245–252, 88 S.Ct. 391, 19 L. Ed.2d 444; Dombrowski v. Pfister, 1965, 380 U.S. 479, 483–492, 85 S.Ct. 1116, 14 L.Ed.2d 22.[1]

---

1. We are not in this case presented with possible restrictions imposed by 28 U.S.C.

§ 2281. A single-judge district court is not prevented by that statute from passing

■ Turning to the merits of plaintiffs' claim, defendants concede that section 14–44, which gives the licensing bureau a broad discretion to refuse a permit, is unconstitutional. They are, of course, correct. Shuttlesworth v. Birmingham, 394 U.S. at 148–153, 89 S.Ct. 935, 22 L.Ed.2d 162; Staub v. City of Baxley, 355 U.S. at 321–325, 78 S.Ct. 277, 2 L.Ed.2d 302; Kunz v. New York, 1951, 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280; Largent v. Texas, 318 U.S. at 422, 63 S.Ct. 667, 87 L.Ed. 873; Cantwell v. Connecticut, 1940, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213; Schneider v. State of New Jersey, 1939, 308 U.S. 147, 163–165, 60 S.Ct. 146, 84 L.Ed. 155; Lovell v. Griffin, ante. Correspondingly, section 14–52, which permits discretionary revocation of the license, must be invalidated. Hence the only question is whether the physical acts of registering and of procuring and wearing a badge can constitutionally be required of a newspaper vendor under what remains of the ordinance. If we were to find this permissible, plaintiffs would be required to open themselves to possible identification as the ones associated with *Extra*, to deposit fifty cents with the city, and possibly to suffer the felt stigma of having to display a button. In the face of these burdens upon the exercise of first amendment rights, defendants point to no governmental interest of any importance that would be served by registration and identification. We therefore hold these requirements of the ordinance, like its other provisions, unconstitutional. See discussion in United States v. O'Brien, 1968, 391 U.S. 367, at 376–377, 88 S.Ct. 1673, 20 L.Ed.2d 672. *Cf.* Martin v. City of Struthers, 1943, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313.

We do think that something is to be said for defendants' complaint that the court should not have invited the filing of an amicus brief by a member of the bar who is nationally prominent in the civil liberties field. At a minimum, reply poses a burden on the opposite party, who may, in addition, feel that he is outnumbered. For the court not merely to accept, but to invite an amicus whose point of view is well known may be thought particularly questionable when, as here, it appears that that side of the case is already well represented.

■ We recognize that the acceptance of amicus briefs is within the sound discretion of the court, and that by the nature of things an amicus is not normally impartial.[2] Furthermore, if an amicus causes the district court to make an error of law—an amicus who argues facts should rarely be welcomed—the error can be corrected on appeal. Nonetheless, we believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

With regard to relief, defendants do not claim before this court that enjoining the pending state court criminal proceedings is prohibited by 28 U.S.C. § 2283, which provides in part that federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress." This question was considered by the district court and decided favorably to plaintiffs on the ground that 42 U.S.C. § 1983, under which this action is maintained, is an express authorization of injunctive relief against state proceedings. Normally defendants must be regarded as waiving what they do not argue. Section 2283, however, reflects

upon the constitutionality of a local ordinance, but only of a state statute. Moody v. Flowers, 1967, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643; Ex parte Collins, 1928, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990.

2. As an attorney of our acquaintance once told the court, when asked for his response to the argument of the amicus, "That fellow isn't any more a friend of the court than I am."

policies of comity that are of sufficient importance to proper relations between the state and federal courts that we will consider the issue on our own motion.

In the light of the number of cases touching upon the relationship between sections 2283 and 1983 that are now pending before the Supreme Court, we have some hesitation as to the correctness of affirming the district court on this matter. Fernandez v. Mackell, S.D. N.Y., 1968, 288 F.Supp. 348, prob. juris. noted, 393 U.S. 975, 89 S.Ct. 453, 21 L. Ed.2d 437; Samuels v. Mackell, S.D.N. Y., 1968, 288 F.Supp. 348, prob. juris. noted, 393 U.S. 975, 89 S.Ct. 453, 21 L. Ed.2d 437; Harris v. Younger, C.D.Cal., 1968, 281 F.Supp. 507, prob. juris. noted, 393 U.S. 1013, 89 S.Ct. 611, 21 L.Ed. 2d 558. Our hesitancy is reinforced by our belief that vindication of plaintiffs' rights does not require making defendants the subject of a federal injunction at this time. There is no reason to think that they will not accept in good faith a final determination of the ordinance's constitutionality. Therefore, we prefer not to affirm the granting of the injunction against either present or future prosecutions, and we vacate that much of the court's order, without prejudice to plaintiffs' right to seek an injunction later, if so advised.

The judgment is otherwise affirmed, with costs.