## COSTARELLI *v.* MASSACHUSETTS

No. 73–6739. Argued March 17, 1975—Decided April 28, 1975

*Robert W. Hagopian,* by appointment of the Court, 419 U. S. 1066, argued the cause and filed a brief for appellant.

*David A. Mills,* Assistant Attorney General of Massachusetts, argued the cause for appellee. With him on the brief were *Francis X. Bellotti,* Attorney General, and *John J. Irwin, Jr.,* Assistant Attorney General.*

PER CURIAM.

Under Massachusetts procedure, a "two-tier" system is utilized for trial of a variety of criminal charges. The

---

*\*Malvine Nathanson* filed a brief for the Massachusetts Defenders Committee as *amicus curiae* urging reversal.

initial trial under this system is in a county district court or the Municipal Court of the City of Boston. No jury is available in these courts, but persons who are convicted in them may obtain a *de novo* trial, with a jury, in the appropriate superior court by lodging an "appeal" with that court.[1] At the *de novo* trial, all issues of law and fact must be determined anew and are not affected by the initial disposition. In effect, the taking of the appeal vacates the district court or Municipal Court judgment, leaving the defendant in the position of defendants in other States which require the prosecution to present its proof before a jury.[2]

In January 1974, appellant Costarelli was charged with knowing unauthorized use of a motor vehicle, an offense under Mass. Gen. Laws, c. 90, § 24 (2)(a) (Supp. 1975). The offense carries a maximum sentence of a $500 fine and two years' imprisonment, and is subject to the two-tier system described above. Prior to trial in the Municipal Court, Costarelli moved for a jury trial. The motion was denied and the trial before the court resulted in a judgment of guilty. A one-year prison sentence was imposed. Costarelli thereupon lodged an appeal in the Superior Court for Suffolk County.

---

[1] See Mass. Gen. Laws, c. 218, § 27A, and c. 278, § 18 (Supp. 1975); c. 278, § 18A (1972).

Unlike the situation in *Colten* v. *Kentucky,* 407 U. S. 104 (1972), the initial trial cannot be avoided by a plea of guilty without also waiving the right to a jury trial in superior court.

[2] Appellant argues that in several respects the district court or Municipal Court judgment remains in effect despite the lodging of an appeal. In particular, he points to the facts that if a defendant defaults in superior court, the first-tier judgment becomes the legal basis for imposing sentence, and that appeal does not eliminate such collateral consequences as revocation of parole or of a driver's permit. These matters do not affect the result we announce today, and merit no further discussion.

Without awaiting proceedings in Superior Court, Costarelli appealed to this Court,[3] seeking to establish that the Sixth and Fourteenth Amendments require that a jury be available in his first trial, whether it be in the Municipal Court or the Superior Court. He also raised speedy trial and double jeopardy contentions as bars to his retrial before a jury. On October 21, 1974, we postponed further consideration of the question of jurisdiction to the hearing on the merits. 419 U. S. 893. We now dismiss for want of jurisdiction. Title 28 U. S. C. § 1257 limits our review to the judgment of the highest state court in which a decision could be had, and we conclude that this is not such a judgment.

That a decision of a higher state court might have been had in this case is established by a recent decision of the Supreme Judicial Court of Massachusetts, *Whitmarsh* v. *Commonwealth,* —— Mass. ——, 316 N. E. 2d 610 (1974), in which another criminal defendant sought relief from Massachusetts' two-tier trial system. After conviction without a jury in the first tier, Whitmarsh took his appeal to the Superior Court, but thereupon sought immediate review of his constitutional contentions in the Supreme Judicial Court. As one potential basis of that court's jurisdiction, he asserted its power of "general

---

[3] There is some question as to whether review should have been sought by way of a petition for certiorari rather than appeal. Under 28 U. S. C. § 1257 (2), we have appellate jurisdiction when the constitutional validity of a state statute is drawn in question and the decision is in favor of its validity. In the present case it is not clear that the denial of a jury in the first-tier trial resulted from the operation of a statute rather than of custom and practice. We need not resolve the issue, because it cannot affect our disposition—if not properly denominated an appeal, we would treat the papers as a petition for certiorari, 28 U. S. C. § 2103, and the highest-state-court requirement of § 1257 applies to petitions for certiorari as well as to appeals.

superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein *if no other remedy is expressly provided.*" Mass. Gen. Laws, c. 211, § 3 (1958) (emphasis added). The Supreme Judicial Court rejected this basis of jurisdiction on the ground that another remedy was in fact expressly provided. It stated:

> "The constitutional issue the plaintiff now asks us to decide is the same issue which he raised in the District Court, and in the Superior Court by his motion to dismiss. If his motion were denied, and if he were thereafter tried in the Superior Court and found guilty, the plaintiff would have available to him an opportunity for appellate review of the ruling on his motion as matter of right by saving and perfecting exceptions thereto." —— Mass., at ——, 316 N. E. 2d, at 613 (footnote omitted).

It is thus clear that Costarelli can raise his constitutional issues in Superior Court by a motion to dismiss, and can obtain state appellate review of an adverse decision through appeal to the state high court. That the issue might be mooted by his acquittal in Superior Court is, of course, without consequence, since an important purpose of the requirement that we review only final judgments of highest available state courts is to prevent our interference with state proceedings when the underlying dispute may be otherwise resolved. Cf. *Republic Gas Co.* v. *Oklahoma,* 334 U. S. 62, 67 (1948); *Gorman* v. *Washington University,* 316 U. S. 98, 100–101 (1942).

Costarelli argues that resort to the remedy outlined in *Whitmarsh* should be unnecessary, because it cannot produce the relief to which he believes he is entitled. He is of the opinion that if the Superior Court denied his motion to dismiss, he would have no alternative but to proceed to trial before a jury. Once this occurred the

error would, he fears, have been cured, or at least mooted.

But we think this contention confuses an argument of substantive constitutional law with an argument relating to the application of 28 U. S. C. § 1257. *Whitmarsh* undoubtedly contemplates that in the event the Superior Court were to deny Costarelli's motion, he would then have to proceed to trial. But just as surely it contemplates that in the event that judgment were adverse to him, he could appeal to the Supreme Judicial Court and raise before it precisely the constitutional question which had been raised by the motion to dismiss in the Superior Court. Whether the fact that he was afforded a jury trial in the Superior Court proceeding "cured" or "mooted" his federal constitutional claim is a matter of federal constitutional law, for determination initially in state courts and ultimately by this Court. That the state courts might conclude that the second-tier trial terminated his claim does not mean that Costarelli may draft his own rules of procedure in order to raise the claim only before those Massachusetts courts which he deems appropriate. Massachusetts affords him a method by which he may raise his constitutional claim in the Superior Court, and a method by which he may, if necessary, appropriately preserve that claim for assertion in the Supreme Judicial Court. The Supreme Judicial Court of Massachusetts, therefore, is "the highest court of a State in which a decision could be had" on his claim. Since no decision has been had in that court, we lack jurisdiction of this case.

Appellant relies on language from *Largent* v. *Texas,* 318 U. S. 418 (1943), to support a contrary result. In that case we reviewed a judgment of the County Court of Lamar County, Tex. We did so because under Texas law the state-court system provided no appeal from that judgment of conviction. We noted

that state habeas corpus was available to test the constitutionality on its face of the ordinance under which Mrs. Largent had been convicted, but that it was not available to test its constitutionality as applied in her particular case.

We then stated:

"Since there is, by Texas law or practice, no method which has been called to our attention for reviewing the conviction of appellant, *on the record made in the county court,* we are of the opinion the appeal is properly here under § [1257 (2)] of the Judicial Code." *Id.,* at 421 (emphasis added).

Appellant argues that because the proceeding in Massachusetts Superior Court would not be a review on the record made in Municipal Court, the *de novo* proceeding in Superior Court is a collateral proceeding which need not, under *Largent,* be utilized to satisfy the highest-court requirement.

Appellant's reliance is misplaced. In *Largent,* we went on to say:

"The proceeding in the county court was a distinct suit. It disposed of the charge. The possibility that the appellant might obtain release by a subsequent and distinct proceeding, and one not in the nature of a review of the pending charge, in the same or a different court of the State does not affect the finality of the existing judgment or the fact that this judgment was obtained in the highest state court available to the appellant. Cf. *Bandini Co.* v. *Superior Court,* 284 U. S. 8, 14; *Bryant* v. *Zimmerman,* 278 U. S. 63, 70." 318 U. S., at 421–422.

The present case is plainly distinguishable. Here the Municipal Court proceeding did not finally dispose of the charge, and the proceeding in Superior Court is not

a distinct suit or proceeding. It is instead based on precisely the same complaint as was the Municipal Court trial. In *Largent,* the available review on habeas corpus was not based on the record in county court for the reason that habeas review was sharply limited in scope. Similarly, in *Bandini Co.,* cited in *Largent,* the "distinct suit" was a proceeding for a writ of prohibition in which the only litigable issue was lower court jurisdiction.

Here, on the contrary, the review is not circumscribed so as to be narrower than normal appellate-type review on the record made in an inferior court, but is instead so broad as to permit *de novo* relitigation of all aspects of the offense charged, whether they be factual or legal. It is because of the *breadth* of appellate review, not its *narrowness,* as in *Largent,* that the record is not the basis of review in Superior Court. Greater identity of proceedings in two different courts would be difficult to imagine, and it would be strange indeed to class the Superior Court trial as a form of "collateral" review of the Municipal Court judgment in the same sense as habeas corpus is traditionally thought of as a "collateral attack" on a judgment of conviction.

The appeal is dismissed for want of jurisdiction.

*So ordered.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.