**Robert L. TINDER, Petitioner,**

v.

**Sister Rose PAULA, SND, et al., Respondents.**

Civ. A. No. 78–1307–C.

United States District Court, D. Massachusetts.

April 13, 1979.

Robert W. Hagopian, Cambridge, Mass., for plaintiff.

Robert V. Greco, Asst. Atty. Gen., Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a petition for a writ of habeas corpus purporting to be filed by a 14-year-old boy without the use of a parent or next friend as his representative for so doing. Respondents are the Chief Probation Officer at the Municipal Court of West Roxbury and the Attorney General of the Commonwealth of Massachusetts. Petitioner alleges that he was adjudicated a delinquent in the

Municipal Court by reason of having committed arson in violation of M.G.L. c. 266, § 127. After the finding of delinquency in Juvenile Court he was committed to the custody of the Youth Service Board for a term of three years, but the term was suspended and he was placed on probation for that period. He was also ordered to make restitution in the amount of $2,250. He alleges that he is presently in the custody of the Chief Probation Officer of the Municipal Court of West Roxbury.

The matter came before the Court on respondents' motion to dismiss the petition on the grounds that petitioner has failed to exhaust available state remedies and on the further ground that petitioner has not sought herein to raise an issue of constitutional dimension.

The alleged constitutional issue sought to be relied on by plaintiff is the failure of the Commonwealth to introduce evidence sufficient to establish the essential elements of the crime charged.

█ Appellant concededly elected not to take an appeal for a trial *de novo* under available Massachusetts procedure and argues that he did not take an appeal from the adjudication of delinquency because if a retrial were ordered subjecting him to same it would violate the principles of the double jeopardy clause.

I rule that petitioner's claim of double jeopardy is frivolous particularly since his attorney was the attorney of record in *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976) and in *Costarelli v. Massachusetts*, 421 U.S. 193, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975). In *Ludwig* the Supreme Court expressly rejected the contention that the Massachusetts *de novo* procedure violated the double jeopardy clause. *Ludwig v. Massachusetts, supra* at 630–31, 96 S.Ct. 2781.

██ It is clear and, in fact, conceded by petitioner that he has not exhausted available state remedies, and it is equally clear and indeed hornbook law that until those remedies are exhausted this Court lacks jurisdiction to entertain a state prisoner's petition for a habeas corpus. Lastly, it should be noted that the sufficiency of evidence is a question of state law which does not rise to constitutional dimensions. *United States ex rel. Griffin v. Martin*, 409 F.2d 1300, 1302 (2d Cir. 1969); *Williams v. Wainwright*, 414 F.2d 806 (5th Cir. 1969); *United States ex rel. Cunningham v. Maroney*, 397 F.2d 724 (3d Cir. 1968).

Consequently, an Order will enter dismissing the petition.