Robert **HUTSON,** Petitioner,

v.

The **JUSTICES OF the WAREHAM DISTRICT COURT,** Respondents.

Civ. A. No. 82–1326–C.

United States District Court, D. Massachusetts.

Dec. 22, 1982.

Willie J. Davis, Boston, Mass., for petitioner.

William D. Luzier, Jr., Asst. Atty. Gen., Boston, Mass., for respondents.

## OPINION

CAFFREY, Chief Judge.

Petitioner Robert Hutson seeks a writ of habeas corpus. He alleges that the action of the Brockton District Court in compelling him to proceed to trial without counsel violated his Sixth and Fourteenth Amendment rights. Petitioner requests an order returning him to that Court for a bench trial with counsel. In the alternative, petitioner seeks to prevent Massachusetts, on double jeopardy grounds, from putting him to trial a second time pursuant to its two-tier trial system. The matter came before the Court on respondent's motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. After hearing, the following facts are taken as true for the purpose of this motion.

Massachusetts law provides that criminal defendants charged with certain specified

offenses in the Boston Municipal Court may elect to waive the right to a jury trial in the first instance and instead proceed to a bench trial. Mass.Gen.Laws ch. 218, §§ 26, 26A (1982). If the defendant is found guilty at the initial bench trial, he then may elect a district court six-man jury trial *de novo. Id.* at § 27A. If the defendant is acquitted at the initial bench trial, the Commonwealth may not try him a second time.

The respondents, Justices of the Wareham District Court, have moved this Court to dismiss petitioner's complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

In June, 1980, petitioner was charged with unlawfully interfering with his electric meter and retained Frederick H. Balboni, Esq. of Brockton to represent him in the matter. Petitioner appeared in Court on several occasions in 1980 but trial did not take place. In May, 1981, Attorney Balboni withdrew from the case due to a conflict of interest and Attorney Willie J. Davis filed an appearance on behalf of the petitioner. When both the petitioner and Attorney Davis appeared for trial in September, 1981, the trial was continued at the request of the Commonwealth.

Trial was subsequently rescheduled for November 17, 1981. On November 13, 1981, petitioner called the Brockton District Court and advised a person at the Court that Attorney Davis might be engaged in a court martial at the Coast Guard Facility in Boston on the seventeenth and would not be able to appear. Petitioner was, nevertheless, directed to appear at the Brockton District Court on November 17, 1981.

On November 17, 1981, Attorney Davis was in fact involved in the trial of a General Court-Martial in Boston which he was told could be held at no other time due to the schedule of the Military Judge.

On November 17, 1981, petitioner appeared in the Brockton Court and was advised that his trial would proceed despite the absence of Mr. Davis and despite petitioner's objection to going forward without counsel. Witnesses were called by the prosecution and were not cross-examined by the petitioner. The Court thereafter found petitioner guilty and sentenced him to probation for one year. Petitioner exercised his right to appeal for a trial *de novo* and the case was transferred to the Wareham District Court for a six-man jury trial. Petitioner filed a motion in that trial to dismiss the complaint on constitutional grounds. He contended that the bench trial in Brockton District Court had violated his Sixth and Fourteenth Amendment rights to be represented by counsel. The motion was denied and petitioner filed a petition in the Supreme Judicial Court of Massachusetts pursuant to Mass.Gen.Laws ch. 211 § 3 (1982), seeking either dismissal on double jeopardy grounds, or a remand to Brockton District Court for a new bench trial in the first instance. The petition was denied by the single justice and on appeal to the full bench of the S.J.C., it was dismissed without opinion on May 14, 1982.

On May 19, petitioner filed his complaint in this Court seeking a writ of habeas corpus which would prevent Massachusetts from trying him a second time.

A habeas corpus proceeding in federal court is a civil action contesting the legality of the restraint of the petitioner's personal liberty. Guilt or innocence is not to be redetermined nor is the proceeding an additional avenue of appeal. It is only when circumstances are presented which demonstrate fundamental unfairness in trial, or the infringement of important constitutional rights, that questions of federal dimension arise warranting intrusion into the province of a state's criminal courts. *U.S. ex rel. Rush v. Ziegele,* 335 F.Supp. 434 (D.C.N.J.1971), *affirmed* 474 F.2d 1356 (3d Cir.1973).

A district court has the power to consider an application for the writ on behalf of an individual in custody pursuant to judgment of a state court only if the individual "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and has exhausted available state remedies. 28 U.S.C. § 2254(b); *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct.

509, 513, 30 L.Ed.2d 438 (1971); *Domaingue v. Butterworth,* 641 F.2d 8, 12 (1981).

■ "Custody" is not an issue here. The "in custody" requirement of the habeas corpus statute does not condition habeas jurisdiction or actual physical confinement or restraint. Rather, it refers to various restraints on liberty "not shared by the public generally." *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Thus, an individual who has been released on his own recognizance following conviction, such as the petitioner in the instant case, is "in custody" within the meaning of the statute. *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

As to exhaustion, petitioner contends that by presenting his petition to the full bench of the Supreme Judicial Court and requesting that body to exercise its general superintendency power under Mass.Gen.Laws ch. 211 § 3, *supra,* petitioner has exhausted all available state remedies. Respondent contends, on the other hand, that a decision denying relief under the Supreme Judicial Court's superintendency powers is not a final judgment of the state's highest court and that accordingly petitioner has not exhausted his state remedies. Respondent argues that the general superintendency power of the Supreme Judicial Court is exercised only in unusual circumstances to protect rights where no other remedy, including the right of appeal, is available.

In *Costarelli v. Commonwealth,* 374 Mass. 677, 679, 373 N.E.2d 1183 (1978), the Supreme Judicial Court states that its superintendency power will not ordinarily be invoked to review interlocutory rulings in a criminal case, since the regular appellate process adequately protects the criminal defendant's rights. The Court further specified however, that its special power would be exercised where defendant: (1) has a substantial claim that an important substantive right is being violative and; (2) that the error is irreversible, such that an order for a new trial in the normal process of appeal would not place him in status quo. *Id.* at 679–80, 373 N.E.2d 1183.

It is to be noted that the Supreme Judicial Court wrote this opinion detailing the circumstances under which it would exercise its supervisory powers in response to the decision by the U.S. Supreme Court dismissing Costarelli's appeal to that Court for lack of jurisdiction. *Costarelli v. Massachusetts,* 421 U.S. 193, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975). The Supreme Court's dismissal was based on Costarelli's failure to exhaust available state remedies in appealing to the Supreme Judicial Court pursuant to its supervisory power, rather than appealing to the S.J.C. through the regular appellate process. Indeed, the Supreme Court found that a decision denying relief under the Court's superintendency powers is not a final judgment of the state's highest court. *Id.* at 196, 95 S.Ct. at 1536.

The Supreme Judicial Court in its subsequent decision on the matter, 374 Mass. 677, 373 N.E.2d 1183, *supra,* provided a thoughtful and detailed analysis of those unusual circumstances which require it to step in and circumvent the ordinary state judicial process in order to protect rights where no other remedy is expressly provided. Mass. Gen.Laws ch. 211 § 3, *supra.* In *Costarelli,* defendant claimed that a second trial would place him twice in jeopardy for the same crime. The Supreme Judicial Court agreed with Costarelli that his double jeopardy claim was a substantive one and that his right not to be tried twice for the same crime was being violated. The Court further stated, consistent with the second prong of the test, that a refusal by the Supreme Judicial Court to review defendant's double jeopardy claim before trial would result in irreversible error. The Court accordingly exercised its superintendency power and dismissed the complaint.

■ The case at bar involves a difficult constitutional issue. This Court rules, however, that Massachusetts' regular appellate criminal process, the two-tier trial system, adequately protects petitioner's constitutional rights and that accordingly petitioner's interlocutory appeal to the Supreme Judicial Court pursuant to that court's superintendency power did not exhaust avail-

able state remedies. It was no more than a ruling that the Supreme Judicial Court would not review Hutson's case at that intermediate point of the litigation. It obviously left open a review after a second trial. Petitioner in this case alleges that his constitutional right to counsel was denied him by the Brockton District Court when that court compelled him to proceed to trial without counsel, and that had petitioner been represented by counsel in the first instance, he might have been found innocent at the bench trial. Further, petitioner argues that if he is required to pursue the regular appellate process the denial of his substantive right to counsel in the first instance will not be remedied.

The Court does not agree. This is not a case where "no other remedy is expressly provided." Mass.Gen.Laws ch. 211 § 3, *supra*. The constitutional issue upon which petitioner now asks us to base a writ of habeas corpus, is the same issue that he raised in the Wareham District Court by his motion to dismiss. His motion having been denied, if he is now tried in the district court and found guilty, the petitioner will have available to him an opportunity for appellate review to the Supreme Judicial Court. *See Whitmarsh v. Commonwealth,* 366 Mass. 212, 316 N.E.2d 610 (1974).

The Massachusetts two-tier trial system in fact provides every appropriate criminal defendant with two chances to be found innocent: the first before a judge; the second before a six-man jury. In the instant case, petitioner claims that he did not have a legally sufficient opportunity to be found innocent before the judge because his lack of assistance by counsel rendered his bench trial constitutionally defective. This Court rules, however, that even though petitioner's contention may well be correct, the trial *de novo* system is designed for curing trial errors, including those trial errors of constitutional dimension. *Ludwig v. Massachusetts,* 427 U.S. 618, 631–32, 96 S.Ct. 2781, 2788, 49 L.Ed.2d 732 (1976) (defendant tried *de novo* is in no different position than convicted defendant who successfully appeals on trial record and is remanded for new trial); *Lydon v. Justices of*

*Boston Municipal Court,* 536 F.Supp. 647 (D.Mass., 1982), *Appeal Pending,* 1st Cir., No. 82–1376 (proposition remains true except in case of errors based on evidentiary insufficiency). Accordingly, petitioner's rights are adequately protected by the regular appellate process in this case.

■ In further support of the Court's holding that petitioner has failed to exhaust available state remedies, the Court looks to the principles underlying this exhaustion requirement. The United States Supreme Court has ruled in a recent habeas corpus proceeding, *Engle v. Isaac,* 456 U.S. 107, ——, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982) that:

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

Federal courts, despite their power to issue writs, must respect the authority and ability of state courts to protect constitutional rights in the first instance. *Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Thus, while it may be possible for a court to consider issuing a writ before the jury trial has taken place and before the state court has had a chance to decide the constitutional issue, the circumstances under which this should be done must be examined very carefully. *Benson v. Superior Court Dept. of Trial Court,* 663 F.2d 355 (1981).

To deprive the Massachusetts' courts of a full opportunity to pass on issues of federal constitutional law in this criminal proceeding would contradict these established principles underlying comity and federalism.

Order accordingly.