EDWARD R. ERWIN, III and SYLVIA ERWIN, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Erwin v. Commissioner
Docket Nos. 13035-85, 13207-85, 13208-85.
United States Tax Court
T.C. Memo 1986-474; 1986 Tax Ct. Memo LEXIS 130; 52 T.C.M. (CCH) 635; T.C.M. (RIA) 86474; September 24, 1986. *130 The accountant who prepared petitioners' tax returns for the years in issue filed a motion for leave to file an amicus curiae brief. Held: The motion is denied. Charles B. Sklar, for the petitioners. Stevens E. Moore,Linda J. Bourquin, and Deborah R. Jaffe, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on the motion of Morris J. Parrino for leave to file an amicus curiae brief. [2] Trial of this case was held in New Orleans, Louisiana, on June 5, 1986. Opening briefs are due on October 3, 1986, and reply briefs are due on December 3, 1986. This case involves the Federal income tax liabilities of petitioners for the years 1980, 1981, and 1982. Total tax deficiencies determined and which are at issue herein are $88,411. The tax deficiencies determined by respondent are based upon the disallowance of net operating losses of a subchapter S corporation. The moving party herein, Morris J. Parrino, a certified public accountant, was the preparer of the Federal income tax returns of the subchapter *131 S corporation and of the returns of some of the petitioners herein. As a result of the deficiencies determined by respondent, Mr. Parrino has been sued in a Louisiana state court for negligence and malpractice in the preparation of the referred-to tax returns. Movant alleges that the resolution of the substantive tax issues herein will have a direct and significant impact on the outcome of the state court action and on the award of any monetary damages against him. Also, movant alleges that the outcome of the state court action may affect his professional reputation as a certified public accountant and tax return preparer. Petitioners herein do not object to the motion of Morris J. Parrino for leave to file an amicus curiae brief. Respondent, however, objects to the instant motion for leave to file an amicus curiae brief on the grounds that (1) the issues before the Court will be fully and adequately briefed by petitioners and by respondent, and (2) the movant's interest in this proceeding is no different from that of other tax return preparers and tax advisors who prepare returns, which returns are subject to audit by respondent. Respondent suggests that if movant is allowed *132 to file an amicus brief herein, the Court may well expect requests from other tax return preparers in subsequent cases in which tax return preparers have an interest similar to that of movant herein. This Court does not have a specific rule addressing the circumstances under which amicus curiae briefs will be allowed. Such a motion, accordingly, is to be governed by the Court's general rule on motions (Rule 50, Tax Court Rules of Practice and Procedure) and by the rules developed in other Federal courts concerning the filing of amicus briefs. (See Rule 1, Tax Court Rules of Practice and Procedure.) Rule 36, Rules of the Supreme Court of the United States, provides that amicus curiae briefs will be allowed automatically where all parties consent thereto. Where, however, all parties do not consent, the filing of amicus briefs must be preceded by a motion for leave to file, and the grant or denial thereof is discretionary with the Court. See generally, Stern, Gressman & Shapiro, Supreme Court Practice 569 (1986). Supreme Court Rule 36.3 provides some guidance as to the showing required of a moving party seeking to file an amicus brief over the objection of one of the parties, *133 as follows: The motion shall concisely state the nature of the applicant's interest, set forth facts or questions of law that have not been, or reasons for believing that they will not adequately be, presented by the parties * * *. Rule 29, Federal Rules of Appellate Procedure, similarly provides for the automatic filing of amicus briefs where all parties consent thereto, and, if any party objects, the filing of amicus briefs only on motion. The discretionary authority of Federal appellate courts to grant or deny motions to file amicus briefs is clear, as is the requirement that a showing be made by the moving party that the amicus briefs will provide information and assistance to the Court beyond that provided by the parties to the litigation. Strasser v. Doorley,432 F.2d 567 (1st Cir. 1970); Clark v. Sandusky,205 F.2d 915, 917 (7th Cir. 1953); The Claveresk,264 F. 276 (2d Cir. 1920); see also New England Patriots Football Club v. University of Colorado,592 F.2d 1196 (1st Cir. 1979). In this regard, commentators have explained the purpose of amicus curiae briefs, as *134 follows: [T]he amicus [may] enlarge upon points which the party cannot, or prefers not to, expound in detail. An amicus may be more knowledgeable than a party as to facts underlying particular arguments. An amicus would often be in a superior position "to inform the court of interests other than those represented by the parties, and to focus the court's attention on the broader implication of various possible rulings" * * *. [Stern, Gressman, & Shapiro, Supreme Court Practice 570 (1986), citing Ennis, "Effective Amicus Briefs," 33 Cath. U.L. Rev. 603, 608 (1984). Fn. ref. omitted.] The rules of state courts reflect a similar understanding of the purpose for amicus briefs and suggest that they not be allowed where they simply would reiterate arguments already being made by the parties. See, e.g., Wash. R. 10.6(b) and N.Y. Ct. App. R. 500.9(e), cited in Stern, Appellate Practice in the United States 338-339 (1981). In this regard, it has been stated that, "a lawsuit is not a referendum and the number of persons or organizations which wish to be counted in favor of a particular outcome is not a factor which a court may properly consider." Stern, Appellate Practice *135 in the United States, supra at 342. With respect to the motion before us, movant simply argues that the issues raised in the related state court litigation are the same as the substantive issues before us (namely, the propriety of the net operating losses as reported on the tax returns of the subchapter S corporation). No credible argument is made, however, that the briefs to be filed by the parties who are before us in this case will not fully and completely address all aspects of the allowability of the net operating losses of the subchapter S corporation. In view of the foregoing and exercising out discretion herein, the motion of Morris J. Parrino to file an amicus curiae brief is denied. Cf. Estate of Siegel v. Commissioner,67 T.C. 1033, 1042-1043 (1977). Appropriate orders will be entered.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Stanley H. Jackson, II and Rita Jackson, docket No. 13207-85; and F. Barry Marionneaux and Patricia M. Marionneaux, docket No. 13208-85.↩
2. The instant motion was filed by attorney J. Tracy Mitchell on behalf of Morris J. Parrino.↩