**Gary COX, individually and on behalf of others similarly situated, Plaintiff,**

v.

**AA CHECK CASHIERS, INC., et al., Defendants.**

No. 00–2030.

United States District Court, W.D. Arkansas, Ft. Smith Division.

Nov. 8, 2000.

Nancy L. Hamm, William R. Gibson, Gibson & Hamm, P.L.L.C., Fayetteville, AR, for Plaintiff.

Jerry L. Canfield, Daily & Woods, P.L.L.C., Fort Smith, AR, Alan G. Crone, James R. Becker, Jr., James J. Webb, Crone & Mason, P.L.C., Memphis, TN, John D. Alford, Pryor, Robertson & Barry, PLLC, Fort Smith, AR, Roger D. Rowe, David M. Powell, Claire Shows Hancock, Wright, Lindsey & Jennings, LLP, Little Rock, AR, Charles K. Seyfarth, Robert M. Buell, Bowman and Brooke, LLP, Richmond, VA, Mark A. Moll, Jay Kutchka, Jones, Jackson & Moll, Matthaw C. Carter, Warner, Smith & Harris, PLC, Fort Smith, AR, for Defendant.

## *MEMORANDUM OPINION AND ORDER OF DISMISSAL*

DAWSON, District Judge.

On February 9, 2000, Plaintiff Gary Cox instituted this action against various Defendants alleging a scheme in which Defendants purported to provide check-cashing services but in reality were charging and collecting unconscionable and usurious interest rates for consumer loans. Plaintiff alleged violations of the Arkansas Constitutional provisions prohibiting usury, (Ark. Const. Art. 19 § 13); the Arkansas Check Cashers Law, Ark.Code Ann. § 23–52–101 et seq.; the Arkansas Deceptive Trade Practices Act, Ark.Code Ann. § 4–88–101 et seq; and Civil Conspiracy. Plaintiff further contended that because the check-cashing transactions were actually loans, Defendants violated the Truth–in–Lending Act (TILA), 15 U.S.C. § 1601 et seq., by failing to make the disclosures

required by TILA, such as the finance charge and annual percentage rate. (Doc. 1.)

Several of the Defendants moved for dismissal and for summary judgment, arguing that TILA did not apply to the check-cashing transactions. (Docs.275, 328–29.) As TILA provided the basis for Plaintiff's only federal claim in this case, the Court entered an order on September 25, 2000, directing Plaintiff and all Defendants to submit briefs on the issue of TILA's applicability. (Doc. 380.) The parties have now briefed the issue.[1] (Docs.383–85, 391.)

The purpose of TILA is to promote the informed use of consumer credit by providing for disclosures about its terms and cost. See 15 U.S.C. § 1601(a). Congress has specifically authorized the Federal Reserve Board (FRB) to promulgate regulations that "provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of [TILA], to prevent circumvention or evasion thereof, or to facilitate compliance therewith." 15 U.S.C. § 1604(a). A regulation published by the FRB on March 31, 2000, states in clear language that TILA applies to check-cashing transactions. See 65 Fed.Reg. 17129—30. The Supreme Court has held that "absent some obvious repugnance to the statute," the FRB's regulations implementing TILA should be accepted by the courts. See Anderson Bros. Ford v. Valencia, 452 U.S. 205, 219, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981). This Court therefore defers to the FRB's interpretation of TILA as applying to check-cashing transactions. The pivotal question is whether TILA applies to the transactions at issue in this case, all of

which occurred prior to the issuance of the above regulation.

The regulation plainly states that compliance with TILA is "optional until October 1, 2000." 65 Fed.Reg. 17129, "DATES" Section. The briefs of the parties provide little assistance to the Court in construing the meaning of this phrase. Defendants merely conclude that "optional" means optional and that compliance with TILA's disclosure requirements was not mandated. Plaintiff points to language in the regulation which states that the regulation "does not represent a change in the law," 65 Fed.Reg. 17130, and argues that this indicates the regulation is a clarification of the law, not a substantive change, and that TILA should therefore be applied retroactively to check-cashing transactions. Plaintiff's argument in essence asks the Court to disregard the "optional" language contained in the regulation.

The Court is convinced from a reading of the regulation in its entirety that the "optional" language means in fact, as Defendants contend, that compliance was not mandated. The regulation states, "Consistent with the requirements of section 105(d) of TILA, ... the Board typically provides an implementation period of six months or longer. During that period, compliance with the published update is optional so that creditors may adjust their documents to accommodate TILA's disclosure requirements." 65 Fed.Reg. 17130. Section 105(d) provides, "Any regulation of the Board ... requiring any disclosure which differs from the disclosures previously required ... shall have an effective date of that October 1 which follows by at least six months the date of promulgation."

---

1. Plaintiff has requested the Court to invite the Federal Reserve Board to submit an amicus brief in this case. (Doc. 391 at 6–7.) The Court declines to take such an extraordinary measure. See Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir.1970) (district court "should go slow in accepting, and even slower in inviting, an amicus brief").

15 U.S.C. § 1604(d) (emphasis added). It is clear from the plain language of the regulation and the statutory section to which it refers that the regulation's requirement of TILA disclosures in check-cashing transactions *"differs"* from the state of the law as it previously existed such as to necessitate an optional compliance period for creditors to implement the new requirements. The court therefore concludes that Defendants' failure to comply with TILA cannot give rise to liability.

As Plaintiff's TILA claim provides the only basis for federal subject matter jurisdiction in this case and as the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, *see* 28 U.S.C. § 1367(c)(3), the motions to dismiss and for summary judgment filed by the various Defendants (Docs.275, 329) are hereby granted. Further, as all parties—Plaintiff and those Defendants who have not filed motions to dismiss or for summary judgment—have had an opportunity to address the issue of TILA's applicability, Plaintiff's action is hereby dismissed in its entirety. *See Madewell v. Downs,* 68 F.3d 1030, 1049–50 (8th Cir. 1995) (grant of summary judgment in favor of all defendants was proper, even though not all defendants had specifically moved for summary judgment, as nonmoving defendant's liability was founded on same facts and law and all parties had opportunity to fully argue issue). All other pending motions in this case are denied as moot.