Epain De Jesus Cameron **ALARCON,**
Petitioner—Appellant,

v.

John **MARSHALL,** Warden,
Respondent—Appellee.

No. 04–56250.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Decided July 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

FED. R.APP. P. 34(a)(2).

Sylvia Baiz, Esq., San Diego, CA, for Petitioner–Appellant.

Epain De Jesus Cameras Alarcon, California Men's Colony East, San Luis Obispo, CA, pro se.

Lynne G. Mcginnis, Esq., Angela M. Borzachillo, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: BROWNING, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Epain De Jesus Cameron Alarcon appeals the district court's order dismissing his federal habeas corpus petition as barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). We affirm the district court's order in part, reverse in part, and remand the case for further proceedings in light of *Mendoza v. Carey*, No. 04–56733, slip op. 6233 (9th Cir. June 7, 2006).

██ 1. Alarcon contends that the district court erred in computing the date on which his conviction became final because he is entitled to a ninety-day grace period for filing a petition for a writ of certiorari in the United States Supreme Court. Because Alarcon appealed his state court conviction to the California Court of Appeal but did not seek review in the California Supreme Court, he was not entitled to petition the Supreme Court for a writ of certiorari. The Supreme Court may only hear cases from a state court of last resort, that is, "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also* SUP. CT. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); *Costarelli v. Massachusetts*, 421 U.S. 193, 195, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975) (per curiam). Thus, Alarcon's failure to seek review in

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the California Supreme Court bars him from seeking a writ of certiorari. As no petition for writ of certiorari could be filed, no grace period for the filing of such a petition is applicable.

█ Instead, the applicable time period is the expiration of the time for seeking direct review in the California Supreme Court, that is, forty days after April 22, 2002, or June 3, 2002.[1] *See* CAL. R. CT. 24(b)(1), 28(e); *see also Smith v. Duncan,* 297 F.3d 809, 813 (9th Cir.2002) (calculating finality by adding forty days from the date on which the opinion of the California Court of Appeal was filed). As a result, Alarcon's petition, which was constructively filed on July 30, 2003, is untimely, having been filed almost two months after AEDPA's deadline.

█ 2. Alarcon also contends that he is entitled to equitable tolling of AEDPA's statute of limitations in light of the fact that he is unable to read or speak English. In addition, Alarcon claims that the district court erred by declining to conduct an evidentiary hearing to enable him to develop the facts in support of his equitable tolling argument. Because Alarcon has alleged facts that might warrant equitable tolling, we agree that an evidentiary hearing is necessary. *See Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir.2003).

In his opposition to the State's motion to dismiss, Alarcon stated: "In this case petitioner neither speaks nor reads english, [sic] and his attorney made no attempt to communicate the facts of his case in, Spanish, a language that petitioner does understand." We recently held that language difficulties, like those alleged by Alarcon, can rise to the level of extraordinary circumstances sufficient to justify equitable

tolling when certain circumstances exist, and accordingly, a petitioner making such a claim is entitled to an evidentiary hearing on the question. *See Mendoza,* slip op. at 6243–45. *Mendoza* concluded that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 6243. *Mendoza* also noted, however, that "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." *Id.* at 6243–44.

In light of *Mendoza,* Alarcon has alleged circumstances that, if true, may entitle him to equitable tolling of AEDPA's statute of limitations. Accordingly, he is entitled to an evidentiary hearing to permit him to develop the factual record in support of his claim. *See Laws,* 351 F.3d at 924; *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

1. The fortieth day falls on Saturday, June 1, 2002, so the date of finality is advanced to the following Monday.