**Woodrow EDWARDS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.**

No. 71-3177

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 8, 1972.

Woodrow Edwards, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Charles Musgrove, Asst. Atty. Gen., Palm Beach, Fla., Nelson E. Bailey, West Palm Beach, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

The appellant, Woodrow Edwards, is presently incarcerated in the Florida State Prison at Raiford, Florida, serving a fifteen-year sentence which was imposed upon his conviction for robbery. After exhausting his post-conviction remedies in the courts of the State of Florida the appellant filed a habeas corpus petition in the United States District Court for the Southern District of Florida, alleging that his conviction was invalid on grounds (1) that he was denied effective representation of counsel during his trial, and (2) that the mere testimony of the complaining witness was insufficient to support the guilty verdict. Without conducting an evidentiary hearing, the district court denied

---

* ■ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir., 1970, 431 F.2d 409, Part I.

the petition, finding that the records and files of the appellant's state criminal case refuted his contentions. Finding no clear error in this ruling, we affirm the judgment below.

■ The first argument Edwards raises on this appeal is that the district court erred in denying relief without conducting an evidentiary hearing. We conclude that this contention is without merit. In his petition filed below the appellant contended that the uncorroborated testimony of one eyewitness was insufficient to establish his identity as the robber because the witness had made inconsistent statements during the course of the trial. Because this allegation does not rise to the level of constitutional deprivation, e.g., Pleas v. Wainwright, 5 Cir.1971, 441 F.2d 56, Summerville v. Cook, 5 Cir.1971, 438 F.2d 1196; Williams v. Wainwright, 5 Cir.1969, 414 F.2d 806, a hearing on this issue would have been unwarranted.

■ As to appellant's claimed denial of effective counsel, the district court concluded that the contention was refuted by the transcript of the appellant's trial. Our examination of that transcript finds us in full agreement with the district court's findings and conclusions on this point, and we conclude that a federal plenary hearing was not required. See 28 U.S.C.A. § 2254(d); Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

■ The appellant also challenges the district court's denial of habeas relief on the basis that the court erred in refusing to allow him and his "inmate advocate" use of his state court trial transcript and other records which were filed as exhibits by the respondent. The record before this Court discloses that on August 5, 1971, after the answer with its exhibits was filed by the state

the United States Magistrate to whom the case had been referred entered an order directing Edwards to file a supplemental petition setting forth further facts to support his habeas claims. A document from the appellant entitled "Motion for Transcript of Records/Leave to Amend" was received by the Magistrate's office on August 12, 1971, but for reasons not shown it was not filed in the district court until September 8, 1971, two weeks after the court had denied the habeas petition. The motion, which requested use of the exhibits to the respondent's answer in order to file a factually accurate supplemental petition and an extension of time in which to do so, was never ruled upon. Apparently under the impression that the motion had been denied, the appellant presented his supplemental allegations for filing on August 18, 1971.[1] As a matter of procedural fairness, we believe that the district court erred in failing to allow appellant the use of the state trial transcript which had been made a part of the court's record. We do not think, however, that this error necessitates reversal of the judgment under the circumstances of this case. Even if the appellant had been allowed the use of the state trial transcript and other records, they would not have aided him in his present petition, since the grounds alleged by appellant in the petition filed in the court below are clearly and completely refuted by the state records. Of course, we do not proclaim a universal rule that it is harmless error to refuse a habeas petitioner the use of a state trial transcript when it is a part of the record in the proceedings. We simply hold that Edwards' use of such a transcript, along with the other state records, would have been a futile exercise because it contained nothing which either justified an evidentiary hearing

1. The supplemental petition was also not filed in the district court until September 8, 1971, although it was received in the Magistrate's office on August 18, 1971. Even though it was filed after the

date of the court's final judgment, it is obvious from the memorandum order denying relief that the district court considered the supplementary pleadings in rendering a final decision.

or suggested a constitutional transgression. Therefore the judgment of the district court is affirmed.

Affirmed.