972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William MCKINNEY, Plaintiff-Appellant,
v.
Dave KUZIRIAN; Michael Hill; et al., Defendants-Appellees.
 No. 91-16462.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William McKinney, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of state and prison officials in his consolidated civil rights action. McKinney contends that the defendants violated his rights by excluding him from the prison classroom educational program. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 II
 Merits
 
 5
 Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). If the nonmoving party bears the burden of proof at trial with respect to a material fact, that party is required to go beyond the pleadings and present specific facts establishing each element of his claim on which he would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). Moreover, conclusory allegation unsupported by factual data are insufficient to defeat a properly supported motion for summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 A. Section 1983 Claims
 
 6
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Vague and conclusory allegations of official participation in civil rights violations, however, are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 1. Denial of Prison Education Privileges
 
 7
 McKinney contends that the prison officials violated his constitutional rights by restricting his educational privileges while incarcerated.[1]
 
 
 8
 In general, a prisoner has no constitutional right to rehabilitation or education while in prison. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). Nor has Nevada created a protected liberty or property interest in its educational or vocational prison programs. See Nev.Rev.Stat. § 209.389(4); Nev.Dep't Prisons Reg. 506 ("NDPR 506"). Cf. Olim v. Wakinekona, 461 F.2d 238, 239 (1982) ("[a] state creates a protected liberty interest [in its prison regulations] by placing substantive limitations on official discretion"). Thus, McKinney cannot state a 1983 claim based on deprivation of educational privileges as a constitutional or state created right.
 
 2. Denial of Procedural Due Process
 
 9
 McKinney argues that the state of Nevada, through NDPR 506, has created a cognizable and protected interest in certain due process procedures before revocation of educational or other privileges. See Hewitt v. Helms, 459 U.S. 460, 471 (1982); Olim, 461 F.2d at 239. The district court, however, correctly found that prison officials had complied with those requirements regardless of whether they were required by due process, and thus the defendants were entitled to summary judgment as to this issue. See NDPR 506; Celotex, 477 U.S. at 322-23; Tzung, 873 F.2d at 1339-40.
 
 
 10
 Moreover, McKinney's contention that he was denied due process because he was not able to present witnesses at the classification hearing lacks merit. NDPR 506 requires the classification committee to allow the prisoner an opportunity to appear--which they did--but it does not require the committee to allow a prisoner to present witnesses. See NDPR 506. Thus, the district court properly granted summary judgement to the defendants on this claim. See Celotex, 477 U.S. at 322-23; Tzung, 873 F.2d at 1339-40.
 
 3. Retaliation Claim
 
 11
 McKinney also contends that his expulsion from the classroom was in retaliation for his exercise of his first amendment rights, namely his right to file actions against prison officials. To state a section 1983 claim based on retaliation for exercising a constitutionally protected right, the plaintiff must alleged that (1) the type of activity he was engaged in is constitutionally protected and (2) that the state officials impermissibly infringed upon this protected right. See Rizzo, 778 F.2d at 531. Absent factual support, bare allegations of retaliation are not enough. Id. at 532 n. 4; accord Taylor, 880 F.2d at 1045.
 
 
 12
 Moreover, because McKinney is a prisoner, his "rights may be permissibly restricted by prison authorities because of the need to maintain order ... and discipline, maintenance of institutional security, and rehabilitation of prisoners." Rizzo, 778 F.2d at 532 (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)). Thus, to succeed on a retaliation claim, a prisoner must do more than allege retaliation by prison authorities because of the prisoner's exercise of a constitutionally protected right; the prisoner must show that the "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id.
 
 
 13
 Here, McKinney has failed to raise a genuine issue of material fact as to whether his expulsion from the classroom portion of the educational program was in retaliation for legal activities rather than to advance a legitimate penological interest in maintaining discipline in the prison classroom.
 
 
 14
 Affidavits submitted by the defendants state that McKinney was not expelled in retaliation for his legal activities, but was expelled because McKinney was found to be a disruptive influence in the prison classroom. Despite McKinney's claims to the contrary, this decision advances legitimate penological interests, including maintenance of order in the prison and institutional goal of rehabilitation. See Procunier, 416 U.S. at 412; Rizzo, 778 F.2d at 532. Accordingly, the district court did not err by granting summary judgment on this issue. See Celotex, 477 U.S. at 322-23; Tzung, 873 F.2d at 1339-40.
 
 4. Physical Threat Claim
 
 15
 McKinney contends that defendant Kuzirian threatened him with physical harm in retaliation for McKinney's past civil litigation against other prison officials. Even if McKinney's allegation were true, a mere threat of harm unaccompanied by any action is insufficient to state a constitutional violation under the eighth amendment or under the first amendment as a denial of access to the courts. See Oltarewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); Gaunt v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (no eighth amendment claim where threat of force used to prevent inmate from exercising his right to access the courts).
 
 B. Racial Discrimination Conspiracy Claim
 
 16
 McKinney, an African-American, also contends that the defendants conspired to deprive him of his educational privileges because of his race in violation of 42 U.S.C. § 1985(3).
 
 
 17
 A cause of action under 42 U.S.C. § 1985(3) arises when two or more persons conspire to deprive another of equal protection of the laws or of equal privileges and immunities under the laws. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980).
 
 
 18
 Here, the defendants offered probative evidence that their actions were not motived by racial animus toward McKinney. In response, McKinney was able to offer only unsubstantiated allegation of the a racial conspiracy by the defendants; and thus McKinney failed to meet his burden of proof necessary to withstand summary judgment. See Coverdall v. Department of Social & Health Servs., 834 F.2d 758, 769 (9th Cir.1987) (summary judgment is proper if plaintiff presents no probative evidence which supports his position as to the defendant's motive or intent). Accordingly, the district court did not err by granting summary judgement in favor of the defendants on this issue. See Celotex, 477 U.S. at 322-23; Tzung, 873 F.2d at 1339-40.
 
 C. Other Claims
 
 19
 McKinney other claims of denial of freedom of choice, association, and speech are vague and unsupported. As such they too cannot withstand the defendants' motion for summary judgment. See Celotex, 477 U.S. at 322-23; Taylor, 880 F.2d at 1045.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After a classification committee hearing, prison officials prohibited McKinney's participation in the prison classroom setting because of an adverse disciplinary hearing and because of reports of McKinney's disruptive behavior in the classroom. Prison officials, however, offered to allow McKinney to continue his studies independently using video tapes