STATE of Missouri, Respondent,

v.

Ronald WHITE, a/k/a Dallas
Womack, Appellant.

Ronald WHITE, a/k/a Dallas Womack,
Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57545, 59745.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 18, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 15, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

This Court issued an opinion of this appeal on February 25, 1992, which decided all issues except defendant's claim of a *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) issue. We transferred the appeal to the Supreme Court. After retransfer, we remanded the *Batson* issue for hearing. We now reissue the original opinion and affirm a ruling of the trial court that no *Batson* due process violation occurred.

A jury convicted defendant Ronald White, a/k/a Dallas Womack, a prior offender, on twenty-eight counts stemming from defendant's escape from confinement at the St. Louis Medium Security Institution (city workhouse) and three days of transgressions against the residents of the city culminating in flight and eventual arrest in Indiana. He was charged and tried on thirty-three charges, thirty-one felonies and two misdemeanors. Thirty counts were submitted to the jury. The jury found defendant not guilty on Count XVIII, sodomy, and Count XIX, armed criminal action associated with the sodomy. The jury found defendant guilty of escape from confinement (1 count), robbery first degree (2 counts), armed criminal action (10 counts), kidnapping (3 counts), attempted robbery first degree (1 count), burglary first degree (1 count), forcible rape (4

counts), forcible sodomy (1 count), felonious restraint (3 counts), and stealing under $150 (2 counts). The court sentenced defendant as a class X offender to a total of 777 years, each sentence consecutive to all others, to run consecutive to a previous federal sentence of forty years.

On direct appeal defendant alleges the trial court erred in: (1) entering a judgment of conviction on Count IV, kidnapping, because the evidence was insufficient to support the conviction; (2) overruling his motion to sever; (3) overruling his *Batson* challenge; and (4) imposing consecutive sentences on sex crimes based upon an incorrect interpretation of § 558.026.1 RSMo 1986. Defendant also appeals from the denial of his Rule 29.15 motion for post conviction relief. However, defendant did not brief any issues relating to the motion. Accordingly, we deem it abandoned. *State v. Gillispie,* 790 S.W.2d 519, 520 (Mo.App. 1990).

■ Defendant contests the sufficiency of the evidence only as it relates to Count IV, kidnapping of victim Marvin Crawford. The state's evidence as to all other counts is strong. It consists of testimony of victims, witnesses, police officers, an FBI agent and medical personnel as well as medical, fingerprint and physical evidence, and a partial statement of confession by defendant. Other than intent, each element of every other count was proven directly by at least one source.

As to the kidnapping of Marvin Crawford, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict and disregard all contrary evidence. *State v. Livingston,* 801 S.W.2d 344, 345 (Mo. banc 1990). The evidence established defendant approached Crawford on June 6, 1988, in Crawford's backyard and offered Crawford twenty dollars to take him somewhere. Crawford agreed and chauffeured defendant to several places. When Crawford stopped his automobile at a stoplight at Grand and Lafayette Avenues, defendant pulled out a knife and held it against Crawford's neck. Crawford testified defendant then said, "if I didn't take him where he was going he

was going to kill me." Defendant wanted Crawford to go to Interstate 64/Highway 40. Crawford waited for the light to change, stepped on the gasoline pedal, and rammed into an apartment building. Defendant was trying to guide Crawford's hands on the steering wheel and a struggle ensued as Crawford aimed toward the building. After the automobile hit the building, Crawford jumped out and defendant carried his girlfriend, who was also in the automobile, away down an alley.

The state charged defendant unlawfully removed Crawford without his consent from 3600 Lafayette, "for the purpose of facilitating flight after the commission of a felony, to wit: escape from custody of the city workhouse on June 6, 1988."

The crime of kidnapping occurs when one unlawfully removes another person without consent from the place where that person is found and unlawfully confines that person without consent for a substantial period for the purpose of facilitating the commission of any felony or flight thereafter. Section 565.110.1(4), RSMo 1986. *State v. Hornbuckle,* 769 S.W.2d 89, 98 (Mo. banc 1989). Defendant argues asportation did not occur because Crawford immediately after the knife was drawn "stepped on the gas and ran into a building." Defendant, by words and actions, took control of Crawford and caused movement of Crawford from the intersection without Crawford's consent. That the controlled movement was a short distance and to an unexpected destination is not tantamount to failure to prove movement. The state proved the elements of control and movement without consent for the purpose of flight. Section 565.110.1(4) RSMo 1986. The evidence was sufficient to support the conviction. Point denied.

■ Second, defendant alleges the court erred in overruling his motion for severance of the counts and for a separate trial with respect to each particular victim because:

THE OVERWHELMING NUMBER OF COUNTS, THIRTY–THREE (33), CONSIDERABLE VOLUME OF EVIDENCE AND COMPLEXITY OF THE

EVIDENCE NECESSARILY AFFECTED THE JURY'S DELIBERATIONS AND SUBSTANTIALLY PREJUDICED [DEFENDANT] AS DEMONSTRATED BY THE COMMENTS OF THE JUDGE AND JURORS MADE DURING VOIR DIRE AND IN THAT EVIDENCE OF [DEFENDANT'S] GUILT OF SOME OF THE OFFENSES PREJUDICED HIS RIGHT TO A FAIR TRIAL ON THE OTHER CHARGED OFFENSES.

In reviewing defendant's severance claim, we look first to determine whether the offenses were properly joined in the amended information. If joinder was proper, we consider whether the trial court abused its discretion in not severing the offenses and trying them together in a single prosecution. *State v. Sims*, 764 S.W.2d 692, 696 (Mo.App.1988). This is proper even where defendant did not question proper joinder.

Under § 545.140(2) RSMo 1986 and Rule 23.05, joinder of two or more transactions that are connected or constitute parts of a common scheme or plan is proper. Here, defendant's offenses were related to defendant's plan to escape from the city workhouse and flee from the city. The result was preconceived and each offense committed by defendant was consistent with and in furtherance of the plan. *See State v. Simmons*, 815 S.W.2d 426, 428 (Mo. banc 1991). Therefore, we find joinder of the offenses at trial was proper. Was the denial of severance an abuse of discretion?

In order for defendant to prevail on his motion to sever, there must be a particularized showing of substantial prejudice, § 545.885.2 RSMo Cum.Supp.1991, and an abuse by the court of its discretion, *State v. Hughes*, 787 S.W.2d 802, 804 (Mo. App.1990). *See also* Rule 24.07. Section 545.885.2 defines substantial prejudice to "mean a bias or discrimination against the defendant ... which is actually existing or real and not one which is merely imaginary, illusionary or nominal." In assessing prejudice, we consider "the number of offenses charged, the complexity of the evidence, and the ability of the jury to distinguish the evidence and apply the law to each offense." *State v. Harris*, 710 S.W.2d 324, 325–6 (Mo.App.1986).

The state presented testimony of the victims, witnesses, police officer, and FBI agent and medical personnel as well as fingerprint, medical and physical evidence, and a partial statement of confession by defendant. Defendant did not present any evidence and chose not to attend the majority of the trial.

Defendant makes much of the concern expressed by venirepersons during voir dire about keeping track of the evidence as to each count. However, there is no evidence to confirm any juror was unable to serve or disabled in serving on that account. As in *State v. Forister*, 823 S.W.2d 504 (Mo.App.1992), the evidence relevant to each crime was distinct and not complex. The state offered its evidence in chronological order. Eleven of the thirty counts submitted were armed criminal action requiring only one additional element, use of a dangerous instrument, than another offense charged. The record on appeal does not support defendant's contention that the jury could not distinguish the evidence and apply the law to each offense. The fact the jury found defendant not guilty on Counts XVIII and XIX supports the conclusion the jury was capable of distinguishing the proof for each count.

Defendant also argues: (1) he was prejudiced by trying the "workhouse" [escape] count, which required evidence of prior offenses, with the other counts; and (2) the court abused its discretion because his right to a fair determination of guilt or innocence as to each separate offense was prejudiced. We do not agree. Even if the counts were severed, evidence of escape would be admissible to show motive and intent. *See State v. Morant*, 758 S.W.2d 110, 116 (Mo.App.1988). Furthermore, evidence of each subsequent offense is intertwined with each of the preceding offenses because defendant used each offense to set himself up for the next so that subsequent offenses could not be presented to the jury without mention of the preceding offenses. Finally, sentencing on the felony counts was not a decision for the jury. Defendant

has failed to show either actual prejudice or an abuse of discretion. Defendant's second point is denied.

■ Third, defendant alleges the court erred in ruling on defendant's claim the state used two of its six peremptory challenges in a racially discriminatory manner to remove black venirepersons from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in that the case was susceptible to racial discrimination because defendant was a black man, six of the victims were white, and the court did not require the state to give reasons for its strikes before ruling on the prima facie case.

After remand for a hearing on the *Batson* issue as required by *State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992) the court ruled there was no *Batson* violation. By supplemental brief defendant has argued the trial court erred in overruling the *Batson* challenge because two black venirepersons were removed by peremptory challenges of the state. The court accepted explanations and found as a fact no 14th Amendment violation. We have reviewed the supplemental *Batson* record in its entirety, including references to the trial transcript. The ruling is supported by three neutral explanations as to one venireperson stricken by the state and an adequate explanation as to the other. Under the standard given in *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc 1992) this point is denied.

■ Defendant's final point on appeal alleges the court erred in sentencing him to consecutive terms for convictions of rape (2 counts), sodomy, robbery and felonious restraint because § 558.026.1 RSMo 1986 "does not require that sentences for multiple convictions of sex offenses be imposed to run consecutively." Defendant has confused sentencing for convictions of only sex crimes as opposed to convictions consisting of both sex crimes and nonsex crimes.

■ In the former, the court has discretion to run them concurrently. *State v. Burgess*, 800 S.W.2d 743, 744 (Mo. banc 1990); *Williams v. State*, 800 S.W.2d 739, 740 (Mo. banc 1990). In the later, the court must sentence defendant to consecutive terms on the sex crimes, and has the option "to order the sentences for the nonsex crimes to run either concurrent with or consecutive to each other," *State v. Hill*, 817 S.W.2d 609, 611 (Mo.App.1991). Here, the jury convicted defendant of both sex and nonsex crimes; the court properly made the sentences on the sex crimes consecutive to each other. Point denied.

The judgments of conviction and sentences are affirmed.

SMITH and AHRENS, JJ., concur.