**James Lawrence FEENIN,**
**Petitioner–Appellant,**

v.

**Kevin MYERS, Warden of South**
**Central Correctional Facility,**
**Respondent–Appellee.**

No. 03–5958.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

**670**

James Lawrence Feenin, Clifton, TN, pro se.

John H. Bledsoe, Office of the Attorney General, Nashville, TN, for Respondent–Appellee.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and STEEH, District Judge.[*]

## ORDER

James Lawrence Feenin, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 27, 2000, Feenin pled guilty to especially aggravated kidnaping and aggravated rape. Feenin was sentenced to serve nineteen years of imprisonment for each conviction, to run concurrently. Feenin did not pursue a direct appeal of his convictions.

On April 20, 2001, Feenin filed a petition for post-conviction relief, which the state trial court denied on August 28, 2001. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on July 9, 2002, and the Tennessee Supreme Court denied Feenin's application for permission to appeal on December 2, 2002. During the pendency of his post-conviction proceedings, Feenin filed a state petition for habeas corpus relief on November 29, 2001, which the state trial court dismissed on January 10, 2002. The Tennessee Court of Criminal Appeals affirmed the trial court's denial of habeas corpus relief on April 11, 2003, and the Tennessee Supreme Court denied Feenin's application for permission to appeal on October 13, 2003.

In his § 2254 habeas corpus petition, considered as filed on March 11, 2003, Feenin raised one ground for relief in which he alleged ineffective assistance of trial counsel. The district court dismissed Feenin's habeas corpus petition as barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations and denied a certificate of appealability.

Feenin filed a notice of appeal and an application for a certificate of appealabili-

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

ty. Upon consideration of Feenin's application, this court granted a certificate of appealability with respect to the following issues: "whether Feenin's habeas corpus petition is time-barred and, if it is not, what is the appropriate remedy?" The certified issues have now been briefed by the parties.

We review de novo the district court's disposition of a habeas corpus petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.2002); *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001). Because Feenin's habeas corpus petition was filed after the effective date of the AEDPA, our review of the case is governed by the AEDPA's provisions. *See Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir.2003).

The AEDPA contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172–73 (6th Cir. 2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 2388, 158 L.Ed.2d 976 (2004).

■ Upon review, we conclude that Feenin's habeas corpus petition was improperly dismissed on statute of limitations grounds. Since Feenin did not pursue a direct appeal, his state court convictions became final on May 27, 2000, upon expiration of the 30–day time period during which he could file a direct appeal to the Tennessee Court of Criminal Appeals. *See* Tenn. R.App. P. 4(a). Thus, Feenin had one year from May 27, 2000, or until May 27, 2001, to file his habeas corpus petition.

■ Feenin did not file his federal habeas corpus petition before May 27, 2001. However, Feenin filed two post-conviction actions prior to May 27, 2001, one of which tolled the statute of limitations in his favor. When Feenin filed his petition for post-conviction relief on April 20, 2001, 328 days of the one-year statute of limitations period had elapsed. The post-conviction proceedings concluded on March 2, 2003, ninety days after the Tennessee Supreme Court denied Feenin's application for permission to appeal the denial of post-conviction relief on December 2, 2002. *See Abela*, 348 F.3d at 172–73. At that point, Feenin had 37 days remaining in the one-year statute of limitations in which to file his habeas corpus petition. Because Feenin's habeas corpus petition may be considered as filed on March 11, 2003, *see Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), within those 37 days, his petition is not time-barred.

Under these circumstances, the appropriate remedy is to remand this case to the district court for further consideration of Feenin's habeas corpus petition. Accordingly, we vacate the district court's order and remand this case to the district court for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.