# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2542

———————

Donald Riddle,

              Appellant,

v.

Mike Kemna,

              Appellee.

\*    
\*    
\*    
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*    
\*    
\*    

———————

Submitted: September 26, 2007
Filed: April 8, 2008

———————

Before LOKEN, Chief Judge, and WOLLMAN, MURPHY, BYE, RILEY, MELLOY, SMITH, COLLOTON, GRUENDER, BENTON, and SHEPHERD, Circuit Judges, En Banc.

———————

BENTON, Circuit Judge.

Donald D. Riddle filed a petition for habeas relief under 28 U.S.C. § 2254. The district court dismissed his petition as untimely by the one-year statute of limitations in 28 U.S.C. § 2244(d), enacted in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217 ("AEDPA"). A panel of this court, by order, vacated the judgment of the district court and remanded. This court granted the State's motion for rehearing en banc, vacating the panel's order. Riddle argues that his petition was timely because he is entitled to a tolling of the statute of limitations

equal to the 90-day period for filing for certiorari in the Supreme Court of the United States. Alternatively, he requests equitable tolling of the statute of limitations.

This court has jurisdiction under 28 U.S.C. §§ 1291 and 2253, and reviews de novo the district court's interpretation of the law. *Walker v. Norris*, 436 F.3d 1026, 1029 (8th Cir. 2006). The court en banc now affirms in part, reverses in part, and remands.

## I.

A jury convicted Riddle of first degree robbery, armed criminal action, and first degree tampering. He received a life sentence, a consecutive 35-year sentence, and a concurrent seven-year sentence. The Missouri Court of Appeals issued its decision affirming his conviction on January 23, 2001, and its mandate on February 15, 2001. *State v. Riddle*, 35 S.W.3d 897 (Mo. Ct. App. 2001). Riddle did not file a motion for transfer to the Missouri Supreme Court, or a petition for writ of certiorari in the United States Supreme Court.

On May 4, 2001, Riddle filed a petition in state court for post-conviction relief. The Missouri Court of Appeals affirmed the denial of post-conviction relief on March 30, 2004. *Riddle v. State*, 129 S.W.3d 492 (Mo. Ct. App. 2004) (per curiam). The mandate issued on April 21, 2004.

The district court dismissed Riddle's petition for habeas corpus relief as untimely. The court ruled that his direct appeal became final on February 15, 2001, the date the Missouri Court of Appeals issued its mandate. The district court found Riddle's original deadline for filing for federal habeas relief was February 15, 2002. *See Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (Fed. R. Civ. P. 6(a) applies to AEDPA statutes of limitations). The district court then correctly tolled the statute of limitations from May 4, 2001, until April 21, 2004, while the state post-

conviction case was pending. *See* **28 U.S.C. § 2244 (d)(2)**; *Payne v. Kemna*, 441 F.3d 570, 571-72 (8th Cir. 2006) (Missouri post-conviction relief proceedings are pending under AEDPA until mandate issues); *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) ("application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari").

The district court concluded that February 3, 2005, was the deadline for Riddle's federal petition. Riddle did not verify his petition for federal habeas corpus relief until March 22, 2005, so the district court considered it at least 47 days late.[1] The district court did not credit Riddle the 90 days for filing for certiorari in the United States Supreme Court, which, if allowed, would make his petition timely.

## II.

Before 1996, there was no statute of limitations on requests for federal habeas relief. *Clay v. United States*, 537 U.S. 522, 528 (2003); *see* **Rule 9(a) Governing Section 2254 Cases in the United States District Courts** (effective 1977-2004) (discretionary dismissal was allowed if state was prejudiced by delay in filing habeas petition). For claims filed after April 24, 1996, there is a 1-year statute of limitations. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). A state inmate may file for habeas relief in the federal courts within one year, as relevant here, after the later of the date

---

[1] The date the petition was actually placed in the prison mail system does not appear in the record. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). This actual date does not affect the analysis in this opinion and may be established on remand. *See generally Henderson-El v. Maschner*, 180 F.3d 984, 985 (8th Cir. 1999) (petitioner may not invoke the mailbox rule where the record established only the date the petition was signed and the date it was ultimately filed).

when the judgment became final by the "conclusion of direct review" or "the expiration of the time for seeking such review." **28 U.S.C. § 2244(d)(1)(A)**. This is a matter of federal law. *Clay*, 537 U.S. at 531 ("finality for the purpose of § 2244 (d)(1)(A) is to be determined by reference to a uniform federal rule"). The Courts of Appeals have uniformly interpreted "direct review" in § 2244(d)(1)(A) to encompass review of a state conviction by the Supreme Court. *See id.* at 528 n.3.

In this case, Riddle did not ask the Missouri Supreme Court to review his direct appeal. He argues that "the expiration of time for seeking [direct] review" still includes the 90-day period for seeking certiorari, asserting the United States Supreme Court could have reviewed the Missouri Court of Appeals decision in his direct appeal.

Supreme Court Rule 13.1 allows 90 days for filing a writ of certiorari in the United States Supreme Court. The Supreme Court can review only judgments of a "state court of last resort," or of a lower state court if the "state court of last resort" has denied discretionary review. *See* **Sup. Ct. R. 13.1**. *See also* **28 U.S.C. 1257(a)** ("the highest court of a State in which a decision could be had"). The issue is which Missouri court is the state court of last resort.

Identifying the state court of last resort requires an examination of the particular state court procedures. *See Costarelli v. Massachusetts*, 421 U.S. 193, 195-97, 198-99 (1975); *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). The Missouri Constitution says that the supreme court is "the highest court in the state," whose jurisdiction is "coextensive with the state." **Mo. Const. art. V, § 2**. The supreme court has "general superintending control over all courts and tribunals." *Id.* **§ 4.1**. "Supervisory authority over all courts is vested in the supreme court". *Id.* It has the duty to make rules governing "practice, procedure and pleading for all courts and administrative tribunals," and the power to assign any judge to any court. *Id.* **§§ 5, 6**.

-4-

The Missouri Supreme Court also has constitutional power to set rules for "transfer" – how cases in the court of appeals are transferred to the supreme court. *Id.* § 10. The supreme court, by rule, requires that an application to transfer first be filed in the court of appeals, before it may later be filed in the supreme court (the Missouri Constitution does not have this requirement). *Compare id. with* **Mo. Sup. Ct. R. 83.04**. The supreme court has added grounds for transfer – which only it can exercise – that are not listed in the Constitution (conflict between appellate decisions, and "equalizing the workload of the appellate courts"), in addition to its exclusive constitutional power to transfer court-of-appeals cases pre-opinion. **Mo. Const. art. V, § 10; Mo. Sup. Ct. R. 83.04, 83.01**. The Missouri Constitution concludes in describing transfer: "The supreme court may finally determine all causes coming to it from the court of appeals, whether by certification, transfer or certiorari, the same as on original appeal." **Mo. Const. art. V, § 10; Mo. Sup. Ct. R. 83.09.**

Riddle asserts that the intermediate court of appeals is the court of last resort in Missouri because it "normally determines which cases will be heard by the state Supreme Court," and "transfer to the Missouri Supreme Court is largely controlled by the state's courts of appeals." These assertions are not true. According to its annual reports, the supreme court grants far more transfers than does the court of appeals. *Compare* Table 4 (FY2000 - FY2007) *with* Table 8 (FY2003 - FY2007), *or* Table 7 (FY2000 - FY2002), in **Mo. Cts. Ann. Rpt. Supps.** *available at* http://www.courts.mo.gov/page.asp?id=296 (last visited Mar. 21, 2008).

Even more strained is Riddle's related assertion that "an appeal to a Missouri court of appeals is effectively an appeal to the state's highest court," because the court of appeals (or a dissenting judge) may sua sponte grant transfer. *See* **Mo. Const. art. V, § 10; Mo. Sup. Ct. R. 83.02, 83.03**. Transfers without a written application are the distinct minority. *Compare* Table 4 (FY2000 - FY2007) *with* Table 8 (FY2003 - FY2007), *or* Table 7 (FY2000 - FY2002), in **Mo. Cts. Ann. Rpt. Supps.** *supra.*

Even when the court of appeals (or a dissenting judge) sua sponte transfers a case, the supreme court may summarily "retransfer" the case back to the court of appeals.[2]

Riddle emphasizes the first sentence of Missouri Rule 83.04, which provides "for purposes of federal habeas corpus review" transfer by the supreme court is extraordinary and not part of the standard review process. *See* **Mo. Sup. Ct. R. 83.04**

---

[2] *See, e.g.,* **Braboy v. Federal Express Corp.**, 238 S.W.3d 690 (Mo. Ct. App. 2007) (supreme court retransfers, by order, a dissenting judge's certification found at 2007 WL 2088826, at *5-6); **Wilcut v. Innovative Warehousing**, __ S.W.3d __, No. 88247, 2008 WL 123807 (Mo. Ct. App. Jan. 15, 2008) (supreme court retransfers, by order, a dissenting judge's certification found at 2007 WL 1745624, at *6); **State v. McGowan**, 184 S.W.3d 607 (Mo. Ct. App. 2006) (supreme court retransfers, by order, a dissenting judge's certification found at 2005 WL 2333678, at *8); **McCormack v. Capital Elec. Constr. Co.**, 159 S.W.3d 387, 387 (Mo. Ct. App. 2004) (supreme court retransfers a case transferred by a western district panel); **In re Marriage of M.A.**, 149 S.W.3d 562 (Mo. Ct. App. 2004) (supreme court retransfers a case transferred by an eastern district panel's opinion found at 2004 WL 1048194, at *1); **State v. Sammons**, 93 S.W.3d 808, 809 n.1 (Mo. Ct. App. 2002) (supreme court retransfers a case transferred by an eastern district panel); **St. John's Mercy Med. Ctr. v. Misischia**, 30 S.W.3d 848, 857-58 (Mo. Ct. App. 2000) (supreme court retransfers a case transferred by an eastern district panel); **Simpson v. Johnson's Amoco Food Shop, Inc.**, 36 S.W.3d 775, 777 n. 1 (Mo. Ct. App. 2001) (supreme court retransfers, by order, a dissenting judge's certification); **Farm Bureau Town & Country Ins. Co. of Mo. v. Rogers**, 959 S.W.2d 880, 881 (Mo. Ct. App. 1997) (supreme court retransfers a case transferred by a southern district panel); **State v. Novak**, 949 S.W.2d 168, 173 (Mo. Ct. App. 1997) (supreme court retransfers, by order, a dissenting judge's certification); **State v. White**, 857 S.W.2d 344, 345 (Mo. Ct. App. 1993) (supreme court retransfers a case transferred by an eastern district panel); **State v. Meyers**, 811 S.W.2d 400 (Mo. Ct. App. 1991) (same, panel's opinion found at 1991 WL 2827, at *6); **Morris v. Granger**, 675 S.W.2d 15, 18 (Mo. Ct. App. 1984) (after retransfer by the supreme court, *id.* at 15); **Parker v. Bruner**, 683 S.W.2d 265, 265 (Mo. banc 1985) (supreme court retransfers, by order, a dissenting judge's certification); **Smith v. Harold's Supermarket, Inc.**, 685 S.W.2d 859, 867 (Mo. Ct. App. 1984) (Nugent, J., dissenting, acknowledging retransfer without opinion).

(amended October 23, 2001). Rule 83.04 is a response to *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999), which permits states to define "one complete round of the State's established appellate review process" by a "rule providing that a given procedure is not available." *See **Randolph v. Kemna***, 276 F.3d 401, 404 (8th Cir. 2002); ***Dixon v. Dormire***, 263 F.3d 774, 779-80 (8th Cir. 2001). Rule 83.04, however, does not control the issue in this case. Rule 83.04 permits Riddle to meet the exhaustion requirement in 28 U.S.C. § 2254(b)(1). Rule 83.04 does not control – nor could it – review by the United States Supreme Court under its Rule 13.1 and 28 U.S.C. § 1257(a).

The Missouri Supreme Court is the court of last resort. Riddle did not seek transfer by the Missouri Supreme Court. Without a denial of discretionary review by the Missouri Supreme Court, a Missouri lower-court decision cannot be directly reviewed by the United States Supreme Court because "no decision of a state court should be brought here for review either by appeal or certiorari until the possibilities afforded by state procedure for its review by all state tribunals have been exhausted." ***Gorman v. Washington Univ.***, 316 U.S. 98, 100-01 (1942) (dismissing writ of certiorari where discretionary review was not sought from Missouri Supreme Court en banc, "the last state tribunal . . . to which the cause could be brought for review which is the 'highest court of a State in which a decision could be had' within the meaning of the jurisdictional statute"). *See also **Osment v. Pitcairn***, 317 U.S. 587 (1942) (per curiam) (dismissing writ of certiorari where petitioner did not apply to transfer the case to the Missouri Supreme Court en banc, because petitioner has not "exhausted the appellate review provided by state law"). Therefore, the United States Supreme Court would not have had jurisdiction to consider a petition for certiorari from Riddle after the court of appeals affirmed his conviction. *See **Banks v. California***, 395 U.S. 708 (1969).

This court holds that, because the United States Supreme Court could not have reviewed Riddle's direct appeal, "the expiration of time for seeking [direct] review"

does not include the 90-day period for filing for certiorari. *Accord*, **Hemmerle v. Schriro**, 495 F.3d 1069, 1074 (9th Cir. 2007), *petition for cert. filed* (U.S. Jan. 15, 2008) (No. 07-9723); **Pugh v. Smith**, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003); **Wesley v. Snedeker**, 159 Fed. Appx. 872, 873-74 (10th Cir. 2005); **Feenin v. Myers**, 110 Fed. Appx. 669, 671 (6th Cir. 2004). Riddle's cases that treat an intermediate court as a state court of last resort (by including the 90-day period in the tolling calculation) do not have any extended discussion, and thus are not persuasive. *See* **Balsewicz v. Kingston**, 425 F.3d 1029, 1032 (7th Cir. 2005); **Nix v. Sec'y for the Dept. of Corr.**, 393 F.3d 1235, 1236 (11th Cir. 2004); **Hill v. Braxton**, 277 F.3d 701, 704 (4th Cir. 2002).

This holding contradicts *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999) (en banc), where this court considered when a Missouri inmate's judgment was final for purposes of 28 U.S.C. § 2244(d)(1)(A). Nichols's criminal conviction was affirmed by the Missouri Court of Appeals, without a request for transfer by the Missouri Supreme Court. *Id.* at 1072. This court stated "with certainty" that the state conviction became final "exactly 90 days after his conviction was affirmed on direct appeal." *Id.* This court, however, did not discuss whether the Missouri Court of Appeals is the "court of last resort" under Supreme Court Rule 13.1, 28 U.S.C. § 1257(a), or the decisions of the United States Supreme Court. *Id.*

As authority in the *Nichols* case, this court relied on *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir. 1998). The critical jurisdictional facts in *Smith* are different than those in *Nichols*. Smith's case was reviewed by the Missouri Supreme Court, and he requested certiorari in the United States Supreme Court. *Id.* at 347; **Smith v. Missouri**, 522 U.S. 954 (1997). This court in *Nichols* did not acknowledge that Smith, unlike Nichols, received review by the Missouri Supreme Court. Clearly, if a prisoner seeks review by the Missouri Supreme Court (whether granted or denied), the 90-day period for seeking certiorari tolls the AEDPA statute of limitations. *See* **Williams v. Bruton**, 299 F.3d 981, 982 (8th Cir. 2002). The *Nichols* court extended

the 90-day period to prisoners who did not request review by the Missouri Supreme Court, without any discussion of the fact that they could not file for direct review by the United States Supreme Court. This court therefore abrogates the part of *Nichols* that includes the 90-day time period for filing for certiorari in all tolling calculations under the 28 U.S.C. § 2244(d)(1)(A). ***Nichols***, 172 F.3d at 1072.

Excluding the 90-day period to file for certiorari, "the expiration of the time for seeking [direct] review" occurred when Riddle did not file the first motion to transfer (15 days after the decision by the Missouri Court of Appeals). *See* **Mo. Sup. Ct. R. 83.02**. The AEDPA statute of limitations, however, does not begin then *if* the alternative trigger, "conclusion of direct review," occurs later. In factual situations like the present case, the conclusion of direct review for purposes of § 2244(d)(1)(A) does occur later, when the Missouri Court of Appeals issues its mandate. *See* ***Payne v. Kemna***, 441 F.3d 570, 572 (8th Cir. 2006).

The State contends that the direct-appeal mandate was not the conclusion of direct review in Riddle's case, proposing instead the date when he failed to file for state discretionary review (15 days after the decision by the Missouri Court of Appeals). The State emphasizes, first, that the direct-appeal mandate does not determine finality of a federal direct appeal by a federal prisoner. *See* ***Clay***, 537 U.S. at 524-525. Riddle's direct appeal, however, did not involve direct review that includes the federal courts. Here the issue is the conclusion of direct review by the Missouri courts, which by *Payne v. Kemna,* is the issuance of the mandate. *Cf.* ***Lawrence v. Florida***, 127 S. Ct. 1079, 1082-83 (2007) (Court refers five times to the issuance of the mandate by state court as the "final judgment").

The State next claims that the direct-appeal mandate is the "clerical end," not the "actual end," of Riddle's case. *Payne v. Kemna* refutes this directly, as does the actual state practice. *See* ***Payne***, 441 F.3d at 572; **Mo. Sup. Ct. R. 30.24(b)** (each appellate court shall send the mandate affirming a felony sentence, or dismissing its

appeal, to the department of corrections for delivery to each prisoner); **Mo. Sup. Ct. Operating R. 8.02 (c)(1)** ("Appellate cases are considered disposed upon a mandate being issued or upon other written order or final disposition being entered.").

Finally, the State objects that using the direct-appeal mandate violates the command that "finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule." *Clay*, 537 U.S. at 531. The State confuses the federal rule (here, "the conclusion of direct review") with its application to the varying facts of the state procedure. *Cf. Costarelli*, 421 U.S. at 195-97, 198-99 (examining Massachusetts procedure to determine the state court of last resort under 28 U.S.C. § 1257(a)); *Pugh*, 465 F.3d at 1299-1300 (examining Florida and Georgia procedure to determine state court of last resort under 28 U.S.C. § 1257(a) and Supreme Court Rule 13.1).

To recap, the district court properly began the statute of limitations in 28 U.S.C. § 2244(d) the day after the direct-appeal mandate issued, tolled it while the state post-conviction proceedings were pending, and did not allow the 90-day period for filing for certiorari. Riddle's petition was thus untimely.

### III.

Since 1999, *Nichols v. Bowersox* was the controlling precedent for Missouri cases. Under *Nichols*, Riddle would receive the 90-day tolling of the AEDPA statute of limitations, and his petition would be timely. Riddle argues that he should be entitled to this period on the theory of equitable tolling. Although the Supreme Court has not squarely addressed the question, this circuit (and almost all others) have held that equitable tolling may be applied to AEDPA's statute of limitations. *See Lawrence*, 127 S. Ct. at 1085, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). *See generally Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004) (citing all circuits except D.C.).

Because the district court made no findings of fact and treated equitable tolling as an issue of law, this court reviews this issue de novo. *See* ***Jihad v. Hvass***, 267 F.3d 803, 806 n.3 (8th Cir. 2001).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." ***Walker v. Norris***, 436 F.3d 1026, 1032 (8th Cir. 2006), *quoting* ***Pace***, 544 U.S. at 418. Equitable tolling is "an exceedingly narrow window of relief." ***Jihad***, 267 F.3d at 805.

In regard to the second element of equitable tolling, Riddle must establish that "extraordinary circumstances external to the petitioner" stood in his way. *See **id.*** at 806. Such extraordinary circumstances must not be attributable to the petitioner. ***Maghee v. Ault***, 410 F.3d 473, 476 (8th Cir. 2005), *citing* ***Flanders v. Graves***, 299 F.3d 974, 977 (8th Cir. 2002). *See **Kreutzer v. Bowersox***, 231 F.3d 460, 463 (8th Cir. 2000) (extraordinary circumstances must be "beyond a prisoner's control").

The abrogation of an en banc precedent is an extraordinary circumstance, external to Riddle and not attributable to him. *Cf.* ***E.J.R.E v. United States***, 453 F.3d 1094, 1098 (8th Cir. 2006) (assuming arguendo that a later decision of this court could constitute an extraordinary circumstance justifying equitable tolling for a federal habeas petitioner under 28 U.S.C. § 2255). Because this opinion stands in the way of Riddle's petition being timely, he has established, as a matter of law, an extraordinary circumstance.

In regard to the first element of equitable tolling, Riddle must establish diligence in pursuing his habeas petition. The State protests that Riddle did not file until eleven months after the conclusion of state post-conviction proceedings. Riddle alleges that his state public defender advised him that he had a full year after post-conviction proceedings to file his habeas petition – a position the amicus State Public

-11-

Defender System asserts was the standard advice to Missouri prisoners under the *Nichols* case. Riddle alleges that he followed his attorney's accurate statement of precedent.

In this case, the alleged advice to Riddle was accurate under the then-applicable *Nichols* case. This is not a case of ineffectiveness of counsel, which generally does not warrant equitable tolling. *See Walker*, 436 F.3d at 1032-33 (attorney's lack of knowledge of verification requirement on state petition); *Baker*, 321 F.3d at 772 (attorneys' statement that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (attorney's false representations about petition, which did not prevent timely filing); *Kreutzer*, 231 F.3d at 463 (counsel's confusion about applicable statute of limitations). Because the rule of law has now changed after Riddle's filing, this case is not about the pre-filing obstacles faced by most habeas petitioners, which also do not justify equitable tolling. *See Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (attempt to obtain post conviction counsel)*; Maghee*, 410 F.3d at 476 (failure to understand the plain language of a dismissal notice); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of proper procedure to file state petition); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law, and of the effect of his voluntary dismissal); *Baker*, 321 F.3d at 771-72 (limited access to law library and advance sign-up; ignorance of AEDPA's enactment); *Jihad*, 267 F.3d at 806-07 (unsuccessful search for counsel, and lack of access to trial transcript); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delays in obtaining trial transcript).

Riddle may receive the benefit of equitable tolling if he can establish that a court's conduct "lulled the movant into inaction through reliance on that conduct." *See United States v. Hernandez*, 436 F.3d 851, 858-59 (8th Cir. 2006)*; Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 855 (8th Cir. 2003); *Gassler*, 255 F.3d at 495; *Kreutzer*, 231 F.3d at 463. *See also Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (equitable tolling allowed where state habeas court "affirmatively

misled" petitioner); ***Brinson v. Vaughn***, 398 F.3d 225, 230-31 (3d Cir. 2005) (equitable tolling justified where a "court has misled a party regarding the steps that the party needs to take to preserve a claim"); ***Alexander v. Cockrell***, 294 F.3d 626, 629-30 (5th Cir. 2002) (equitable tolling allowed when circuit court's previous opinion misled petitioner by stating he could later file for habeas relief). *Cf.* ***Pliler v. Ford***, 542 U.S. 225, 234 (2004) (remanding "given the Court of Appeal's concern that respondent has been affirmatively misled" by the district court); *id.* at 235 (O'Connor, J., concurring) ("if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate"); ***Shoemate***, 390 F.3d at 598 (no "affirmative conduct on the part of the state" caused the delay in filing habeas petition).

As this court's cases demonstrate, equitable tolling in general, and diligence in particular, depend on the facts of the case. On remand, Riddle may attempt to establish that he has been pursuing his rights diligently but was lulled into inaction, justifying equitable tolling of the AEDPA statute of limitations.

## IV.

The judgment of the district court is affirmed in part, reversed in part, and the case remanded.

_____