# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2545

_____

Albert L. Pierson,                        *
                                          *
        Petitioner - Appellant,           *
                                          *    Appeal from the United States
    v.                                    *    District Court for the Eastern
                                          *    District of Missouri.
Dave Dormire,                             *
                                          *        [UNPUBLISHED]
        Respondent - Appellee.            *

_____

Submitted: January 8, 2007
Filed: May 6, 2008

_____

Before WOLLMAN, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Below, the district court held Pierson's petition for habeas corpus relief was untimely. On appeal, we reversed. Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007). We held Pierson's petition was timely because our en banc decision in Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999), required us to consider the state court judgment against Pierson final ninety days after the Missouri Court of Appeals entered its judgment. This ninety days represented the window of time within which Pierson may have been entitled to file a writ of certiorari with United States Supreme Court. The appellee petitioned our panel and our en banc court for rehearing. We

now grant in part the petition for panel rehearing, vacate in part our prior opinion, and remand for further proceedings.

Subsequent to the issuance of our prior panel opinion in this case, our en banc court in Riddle v. Kemna, No. 06-2542, --- F.3d ----, 2008 WL 927618 (8th Cir. 2008), abrogated the ninety-day rule of Nichols. The court in Riddle, however, characterized this abrogation of Nichols as an "extraordinary circumstance, external to Riddle and not attributable to him" that might justify application of the doctrine of equitable tolling. Id. at *6. We ordered a remand in Riddle with instructions for the district court to consider application of the doctrine of equitable tolling. We believe the present case requires the same action on our part. Accordingly, we vacate that portion of our prior opinion in this case which held Pierson's habeas petition was timely under the ninety-day rule of Nichols, and we remand for further proceedings consistent with this opinion and Riddle.

_____