# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3230

_____

Raymond Scott,                              *
                                            *
              Petitioner – Appellant,       *
                                            *    Appeal from the United States
       v.                                   *    District Court for the Eastern
                                            *    District of Missouri.
Larry Rowley,                               *
                                            *    [UNPUBLISHED]
              Respondent – Appellee.        *

_____

Submitted:  April 22, 2008
Filed:  May 29, 2008

_____

Before BYE, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The district court held Raymond Scott's petition for habeas corpus relief was untimely. We denied Scott's application for a certificate of appealability on November 27, 2007, and dismissed his appeal. Scott petitioned our panel and our en banc court for rehearing. We now grant his petition for panel rehearing, vacate our dismissal of his appeal, and remand for further proceedings.

A state prisoner must file his application for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The conclusion of direct review by Missouri courts is the issuance

of the mandate. Riddle v. Kemna, No. 06-2542, — F.3d —, 2008 WL 927618 at *5 (8th Cir. April 8, 2008) (en banc). The district court erred when it used the date of the Missouri Court of Appeals' opinion denying Scott's appeal, May 15, 2000, rather than the date the mandate issued, May 30, 2000, to calculate the one year period for a timely habeas application.

At the time of the district court's review, under Nichols v. Bowersox, a Missouri prisoner who did not seek certiorari in the United States Supreme Court was nevertheless entitled to ninety days of tolling after the conclusion of direct review in state court, to account for the expiration of time in which he could have filed a petition for writ of certiorari in the United States Supreme Court. 172 F.3d 1068, 1072 (8th Cir. 1999). Scott did not file a motion for transfer to the Missouri Supreme Court for further direct review and did not file a petition for a writ of certiorari in the United States Supreme Court. Under Nichols, however, Scott was entitled to ninety days tolling between the date of the mandate and his August 23, 2000, filing for state post-conviction relief. Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007) (holding "under Nichols, a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court."). Thus, Scott's one year period started on June 17, 2003, the date on which the Missouri Court of Appeals issued its mandate denying him post-conviction relief. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (holding Missouri post-conviction appeal was pending for purposes of tolling under § 2244(d)(2) until appellate court issued its mandate). Scott filed his § 2254 motion on June 17, 2004.

Subsequent to our dismissal of Scott's appeal, our en banc court abrogated the ninety-day rule of Nichols v. Bowersox for prisoners who did not first request review by the Missouri Supreme Court, reasoning that those prisoners could not file for direct review by the United States Supreme Court. Riddle, 2008 WL 927618 at *4. Under this new rule, Scott is not entitled to the benefit of the ninety days of tolling.

The court in <u>Riddle</u>, however, characterized this abrogation of Nichols as an "extraordinary circumstance, external to Riddle and not attributable to him" that might justify application of the doctrine of equitable tolling. <u>Id.</u> at *6. We ordered a remand in <u>Riddle</u> with instructions for the district court to consider application of the doctrine of equitable tolling. We believe the present case requires the same action on our part. Accordingly, we find Scott's habeas petition was timely under the ninety-day rule of <u>Nichols</u>, but is no longer timely under <u>Riddle</u>, and we remand to determine whether Scott is entitled to equitable tolling.

_____