# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1051

_____

David Stewart,                          *
                                        *
          Appellant,                    *
                                        *   Appeal from the United States
     v.                                 *   District Court for the
                                        *   Western District of Missouri.
Donald Roper,                           *
                                        *   [UNPUBLISHED]
          Appellee.                     *

_____

Submitted: March 2, 2007
Filed: June 10, 2008

_____

Before SMITH, MAGILL[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court held Stewart's petition for habeas corpus relief was untimely. On appeal, we reversed. *Stewart v. Roper*, No. 07-1051(8th Cir. Feb. 5, 2007) (Judgment). We found the petition timely based on the rationale of our en banc decision in *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999), reasoning that the state court judgment against Stewart was final 90 days after the Missouri Court of Appeals entered its judgment, on the assumption that Stewart could have filed a writ

_____

[1]The Honorable Frank J. Magill retired effective August 31, 2007. This opinion is being filed by the remaining judges of the panel pursuant to 28 U.S.C. § 46(d) and 8th Cir. R. 47E.

of certiorari with the United States Supreme Court. On March 2, 2007, we granted the petition for panel rehearing and vacated our prior judgment.

After the judgment in this case, the en banc court in *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008), abrogated the 90-day rule of *Nichols*. The court in *Riddle,* however, characterized the abrogation as an "extraordinary circumstance, external to Riddle and not attributable to him" that might justify the application of the doctrine of equitable tolling. *Id*. at 857. We remanded in *Riddle* with instructions for the district court to consider the doctrine of equitable tolling. The present case requires the same action. We remand for further proceedings consistent with this opinion and *Riddle*.

_____