# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1506

_____

Jessica Symmes,

        Appellee,

v.

Raymond Maurice Waddell,

        Appellant.

                Appeal from the United States
                District Court for the
                District of Minnesota.

                [UNPUBLISHED]

_____

Submitted: November 16, 2011
Filed: January 3, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Raymond Maurice Waddell was convicted of murder in state court. In 2003, his sentence and conviction were affirmed by the Minnesota Supreme Court. *State v. Waddell*, 655 N.W.2d 803 (Minn. 2003). On February 20, 2009, he sought habeas relief in district court.[1] He requested equitable tolling alleging his mental illness prevented him from filing within the one-year statute of limitations in 28 U.S.C. §

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Arthur J. Boylan, Chief Magistrate Judge of the District of Minnesota.

2244(d).  In affidavits submitted to the district court, Waddell stated he had a mental illness "between the years 2000-2007" or "2002-2007."

The district court dismissed his habeas corpus petition as untimely.  *Waddell v. Symmes*, Civ. No. 09-417, 2011 WL 573585 (D. Minn. Feb. 14, 2011) (adopting the Report and Recommendation and granting a certificate of appealability under 28 U.S.C. § 2253(c)(1)).  In a thorough and well-reasoned Report and Recommendation, the magistrate judge found that Waddell was capable of filing his petition "sometime in 2007" but waited until 2009 – based on his own admission, the statements of his therapist, and the other evidence in the record.  Civ. No. 09-417, 2010 WL 5804974 (D. Minn. Nov. 30, 2010) (Report and Recommendation).  *See Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (equitable tolling of statute of limitations for filing of a habeas petition is an extraordinary remedy and is proper only when the petitioner has been pursuing his rights diligently and external circumstances make it impossible for the petitioner to file on time).

Because the judgment of the district court is based on findings of fact that are not clearly erroneous and no error of law appears, the judgment is affirmed.  *See* 8th Cir. R. 47B.

_____