**AGCO FINANCE, LLC, Plaintiff,**

v.

**Jeffrey LITTRELL and Holly Littrell, Defendants.**

**Case No. 16–cv–4105 (WMW/FLN)**

United States District Court,
D. Minnesota.

Signed 02/10/2017

■■■■■■■■■■■■■■■■■■■■■

Mark R. Miller, Gurstel Chargo, P.A., Golden Valley, MN, for Plaintiff.

Jeffrey Littrell, Chatfield, MN, pro se.

Holly Littrell, Chatfield, MN, pro se.

## ORDER

Wilhelmina M. Wright, United States District Judge

This matter is before the Court on Defendants Jeffrey and Holly Littrell's application to proceed in forma pauperis on appeal. (Dkt. 20.) For the reasons addressed below, the Court vacates Defendants' notice of appeal, vacates the Clerk of Court's entry of default and entry of default judgment, and denies as moot Defendants' application to proceed in forma pauperis on appeal.

## BACKGROUND

Jeffrey Littrell entered into two contracts—one for the lease of a tractor and the other for the purchase of a picker and cart.[1] Subsequently, the lessor of the tractor and seller of the picker and cart assigned these contracts to Plaintiff AGCO Finance, LLC ("AGCO"). AGCO alleges that the Littrells failed to make required payments under these contracts and thereby defaulted on the contracts. AGCO's complaint seeks $166,344.11 in damages, plus "interest as allowed by contract and law," "costs and disbursements of suit, including reasonable attorneys' fees incurred by Plaintiff, as allowed by the Contract," and other unspecified equitable relief. According to affidavits of service filed by AGCO, the Littrells were served personally with the summons and complaint on December 14, 2016. The Littrells then had 21 days to file an answer or otherwise respond to the complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i), (b). That deadline, January 4, 2017, passed without the Littrells filing a response to the complaint or a notice of appearance.

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment when, as occurred here, an opposing party fails to timely respond to a pleading. First, under Rule 55(a), the litigant seeking the default judgment must submit proof that the opposing party failed to plead or otherwise defend against the claims and request that the clerk of court enter default as to the opposing party. Second, after default has been entered, the litigant may apply for default *judgment* to be entered. See Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk of court may enter default judgment. Fed. R. Civ. P. 55(b)(1). But when the claim is *not* for a sum certain, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Because the Littrells did not file an answer or otherwise respond to the complaint in the time period permitted by the Federal Rules of Civil Procedure, AGCO applied for entry of default under Rule 55(a) and the Clerk of Court entered default as to the Littrells on January 18, 2017. Two days later, AGCO applied for entry of default judgment of a sum certain in the amount of $166,344.11,

---

1. According to the allegations in the complaint, Holly Littrell was a party to the contract involving the picker and cart, but she was not a party to the contract involving the tractor.

pursuant to Rule 55(b)(1). The Clerk of Court entered default judgment in AGCO's requested amount that same day.

The Littrells, proceeding pro se, filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit on January 25, 2017. Attached to the Littrells' notice of appeal is a letter that AGCO sent to the Littrells informing them of its first application for entry of default.[2] The Littrells also filed the pending application to proceed in forma pauperis on appeal.

## ANALYSIS

### I. The Littrells' Notice of Appeal

Ordinarily, filing a notice of appeal confers jurisdiction on the court of appeals, divesting the district court of control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). But one exception to this rule is that district courts are not deprived of jurisdiction when a party files a manifestly defective appeal, such as an appeal from a non-appealable order. *KB Dissolution Corp. v. Great Am. Opportunities, Inc.*, 705 F.Supp.2d 326, 328 (S.D.N.Y. 2010).

Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires a litigant to "designate the judgment, order, or part thereof being appealed." The Littrells characterize their notice of appeal as a challenge to documents they received on January 21, 2017, that were "entered on January 17[th] 2017." But judgment was not entered in this case until January 20, 2017. By contrast, on January 17, 2017, AGCO filed its first application for entry of default, which it served on the Littrells by mail. Viewed in this context, it is clear that the Littrells' notice of appeal seeks to challenge the entry of default under Rule 55(a), not the entry of default *judgment* under Rule 55(b)(1). Indeed, it is doubtful that the Littrells were aware that default judgment had been entered when they mailed their notice of appeal. The entry of default by the clerk of court under Rule

55(a), however, is not an appealable order. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 855 (8th Cir. 1996). Therefore, the Littrells' notice of appeal challenging the entry of default is ineffective.

Because the notice of appeal submitted by the Littrells seeks to appeal from a non-appealable order, the Court vacates the notice of appeal and retains jurisdiction over this matter.

### II. The Entry of Default and Default Judgment

AGCO's application for entry of default judgment in the amount of $166,344.11 cites Federal Rule of Civil Procedure 55(b)(1). But Rule 55(b)(1) applies only when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Although AGCO requested a precise damages award, a litigant "cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2683 (4th ed. Sept. 2016 update). "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003); *accord Stephenson v. El–Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008). Rather, the term "sum certain" in this context refers to a situation in which there can be no dispute as to the amount due once liability has been established, such as in actions on money judgments and negotiable instruments. *KPS & Assocs.*, 318 F.3d at 19.

The amount due to AGCO as a result of the Littrells' alleged breach of contract is far from certain. For example, AGCO seeks recovery of the unpaid total of the remaining lease payments on the now-repossessed tractor, minus the value of the tractor at the time of repossession. But the record contains no explanation of how AGCO calculated the value of the tractor. Similarly, the award AGCO

---

**2.** AGCO's first application for entry of default, filed on January 17, 2017, incorrectly referenced Rule 55(b)(1) rather than Rule 55(a). AGCO's second application for entry of default, filed the next day, corrects this error but otherwise is identical to the first application.

seeks includes legal bills, repairs, and "[m]iscellaneous" costs attributed to the breach. But AGCO fails to explain how it calculated these amounts—or, in the case of the "[m]iscellaneous" costs, what the amount actually entails. On this record, even if AGCO were entitled to default judgment as to *liability*, an evidentiary hearing likely would be necessary to support any monetary judgment. *See Stephenson*, 524 F.3d at 917 n.11 ("Foregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment."). AGCO should have requested default judgment from the Court rather than from the Clerk of Court because AGCO did not seek a "sum certain" and the record before the Court is inadequate to determine a sum certain by computation. *See* Fed. R. Civ. P. 55(b)(2).

 A district court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Although the Littrells have attempted to challenge AGCO's application for entry of default through their ineffective notice of appeal, the Littrells have not expressly moved for relief from the default or default judgment. But because Rule 55(c) does not include a motion requirement, a district court may set aside an entry of default on its own authority. *Miller v. Madison*, No. 1:12–CV–0874, 2013 WL 2181240, at *2 (N.D.N.Y. May 20, 2013) (collecting cases); *accord Streambend Props. III, LLC v. Sexton Lofts, LLC*, 297 F.R.D. 349, 370 n.28 (D. Minn. 2014). Likewise, a district court may grant relief from a judgment pursuant to Rule 60(b) without a motion from a party. *See United States v. Northshore Mining Co.*, 576 F.3d 840, 847 (8th Cir. 2009); *Pierson v. Dormire*, 484 F.3d 486, 491 (8th Cir. 2007), *vacated in part on other grounds*, 276 Fed.Appx. 541 (8th Cir. 2008); *Streambend Props. III*, 297 F.R.D. at 370 n.28. For several reasons, the Court concludes that vacating both the entry of default and the entry of judgment in this matter is warranted.

 As to the entry of default, Rule 55(c) permits a district court to set aside an entry of default for "good cause." When determining whether a defaulting party has demonstrated good cause for setting aside the default, courts consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Applying these criteria, the Court finds that the record here demonstrates good cause to set aside the January 18, 2017 entry of default for several reasons.

First, aside from missing the original filing deadline by several weeks, the Littrells have acted diligently in this matter, including by challenging the entry of default within a few days after learning of it, albeit through the incorrect method of filing a notice of appeal. Second, the Littrells have offered a mitigating reason for their failure to file an answer or other responsive pleading—namely, Holly Littrell's health problems, which appear to be severe. Third, AGCO is unlikely to be prejudiced by vacating the entry of default. Default judgment has only recently been entered. If the Court sets aside the default, AGCO is unlikely to suffer any concrete harm, such as the "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Johnson*, 140 F.3d at 785 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Moreover, this action has moved with noteworthy haste from the filing of the complaint on December 7, 2016, to the entry of default judgment on January 20, 2017. Thus, the delay caused by the Littrells' mistake was negligible and, by all appearances, it was not motivated by bad faith or an intent to impede this litigation. Because the record demonstrates that the Littrells have good cause for setting aside the default, the Court will do so.

 The standard for vacating a judgment under Federal Rule of Civil Procedure 60(b) is more stringent than the standard for vacating the entry of default under Rule 55(c). *See Johnson*, 140 F.3d at 783–84 (collecting cases). Applying this legal standard, the Court is satisfied that the judgment in this matter also should be vacated. As addressed above, judgment should not have

been entered pursuant to Rule 55(b)(1) because the amount sought by AGCO is not "a sum certain or a sum that can be made certain by computation." Whether this error renders the judgment void for purposes of Rule 60(b)(4) appears to be an open question that need not be answered here. *Compare United States v. Manos*, 56 F.R.D. 655, 659–60 (S.D. Ohio 1972) (concluding that judgment entered erroneously under Rule 55(b)(1) was voidable, not void), *with Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (concluding that judgment entered erroneously under Rule 55(b)(1) was "void ab initio"). A district court may grant relief from a judgment for, among other things, "mistake" or "excusable neglect." Fed. R. Civ. P. 60(b)(1). As addressed above, the entry of default judgment in this case was a mistake, and the Littrells' failure to respond to the complaint appears to have been the product of excusable neglect caused by a combination of their status as pro se litigants and Holly Littrell's health difficulties.

For all of the foregoing reasons, the Court vacates the Clerk of Court's entry of default and entry of default judgment. In light of this decision and the Court's decision to vacate the Littrells' notice of appeal, the Littrells' application to proceed in forma pauperis on appeal is denied as moot. The Littrells must file an answer or otherwise respond to the complaint no later than 30 days after the date of this Order. The Court also will refer the Littrells by separate correspondence to the Federal Bar Association Pro Se Project, which has a panel of volunteer lawyers who assist pro se litigants.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Clerk of Court's entry of default, (Dkt. 13), is **VACATED;**

2. The Clerk of Court's entry of default judgment, (Dkt. 18), is **VACATED;**

3. Defendants' notice of appeal, (Dkt. 19), is **VACATED;**

4. Defendants' application to proceed in forma pauperis on appeal, (Dkt. 20), is **DENIED AS MOOT;** and

5. Defendants must file an answer or otherwise respond to Plaintiff's complaint no later than 30 days after the date of this Order.